In re Juan A. MARCHINI, Jr., a/k/a Juan A. Marchini, Debtor.

Bankruptcy No. 84–01697–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Dec. 14, 1984.

William Roemelmeyer, Miami, Fla., Trustee.

Steven H. Friedman, Miami, Fla., for Trustee.

Louis M. Jepeway, Jepeway & Jepeway, P.A., Miami, Fla., for debtor.

## ORDER ON EXEMPTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee's objection (C.P. No. 12) to the debtor's claimed exemptions (C.P. No. 1) was heard on November 29. The debtor claims all of his household goods and furnishings to be exempt as an estate by the entirety held jointly with his wife who is not a debtor. The trustee claims that half of the value of the personal property is subject to the claims of creditors. It is undisputed that the value of the household goods and furnishings is $1,910. (C.P. No. 11.) At issue, therefore, is $955.[1]

■ It is the claimant's burden to prove entitlement to exemptions. The only evidence before me is that of the debtor who tells us that he and his wife were both employed and that the property in question was bought for their joint use with their joint earnings and that he considers this property to be jointly owned with his wife.

A debtor may exempt:

"any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B).

In *Doing v. Riley*, 176 F.2d 449, 454 (5th Cir.1949) the furnishings of a hotel were purchased by funds supplied by both the husband and wife. The District Court found them to be an estate by the entireties exempt from the claims of creditors under Florida law. The Court of Appeals reversed and held that:

"We do not believe that an estate by the entireties was shown to have been created in the furnishings of the hotel."

The Court said:

"We would have no difficulty in sustaining an estate by the entireties in personal property if it had been evidenced by a bill of sale to the husband and wife, as such, and where there was evidenced the requisite intent to create such an estate, but we are not convinced that the mere purchase of personal property out of a joint bank account of the husband and wife, and from the contributions from each out of their separate funds, plus the facts that the furniture was billed to Adobar [a joint account] and that some of the invoices were made out to Mr. and Mrs. Riley, were sufficient, in the absence of any showing of any specific intent, to set up an estate by the entireties in such furniture. It is true that the title to personal property may pass by delivery, but *there must also be an intent to create an estate by the entireties, and such intent ought to be made clearly to appear* since upon the decease of one spouse the survivor would become the sole and complete owner of the property to the exclusion of the children and creditors." (at p. 454. Emphasis supplied.)

*Doing* was cited and followed by the Florida Supreme Court in *In re Lyons' Estate*, 90 So.2d 39, 43 (Fla.1956), where the court held that a notation of a bank account:

---

1. The debtor has also claimed two parcels of real property exempt as estates by the entireties. The debtor has a car and other personal property admittedly his worth $3,669. He claims $1,000 of this property to be exempt to him as the head of a family. The trustee agrees with both of these claims. The scheduled debts are $121,000. The only other assets are some doubtful receivables.

"joint owners, payable to either or to survivor"

was insufficient to establish that it was the intention of the husband and wife to create an estate by the entireties.

In *First National Bank of Leesburg v. Hector Supply Co.*, 254 So.2d 777, 780 (Fla.1971), the Supreme Court citing *Lyons* and remanding a case dealing with a joint bank account claimed to be an estate by the entireties, said:

"In realty matters, where property is acquired specifically in the name of the husband and wife, we consider it to be a rule of construction that a tenancy by the entireties is created, although fraud may be proven.... But in personalty matters, a different standard obtains: *not only must the form of the estate be consistent with entirety requirements, but the intention of the parties must be proven.*" (At p. 780. Emphasis supplied.)

The debtor's very able counsel apparently relies upon *Hagin v. Hagin*, 353 So.2d 949, 951 (Fla. 2nd DCA 1978), where an intermediate court reversed the trial court and held that all of the household goods and furnishings, though purchased solely by the husband, were entireties property although there was no evidence of title in the name of both nor evidence of an intention to hold the property by the entireties.

The Court held that there is an irrebutable "presumption of a gift" in the case of household goods and furnishings used jointly during marriage. It relied on cases dealing with real property and said:

"we perceive no rational basis to distinguish between realty and personalty in this regard." (At p. 951, n. 1).

It made no reference to the Supreme Court's decision in *First National Bank of Leesburg* which made an explicit distinction between realty and personalty or to any of the other authorities discussed above.[2]

I am duty bound to follow the holding in *Doing v. Riley. Dills v. City of Marietta, Ga.*, 674 F.2d 1377, 1380 (11th Cir.1982). The holding in *Hagin* must be rejected as inconsistent with that case as well as with the holdings of the Florida Supreme Court. There is no presumption merely from the character or use of personal property that it is held as an estate by the entireties rather than as a tenancy in common.

As was noted in the *Leesburg* case, personal property is not under mandate of record. It may change hands frequently and without the knowledge or consent of the other spouse. It is a ready and tempting shelter from the claims of creditors. Our courts have sought and should seek "to require greater safeguards lest the tenancy be abused." *Id.* at 780.

In the words of the Fifth Circuit, it "ought to be made clearly to appear" not only that the personal property is jointly held by husband and wife, but also that upon the death of one, the survivor would become the sole and complete owner of the property to the exclusion of the children and creditors. That showing cannot be made simply through the self-serving testimony of a debtor or his spouse at a hearing where his exemption claim is under challenge. That showing has not been made here.

Unless the debtor or his wife makes acceptable arrangements to pay the trustee $995, the household goods and furnishings shall be surrendered forthwith to the trustee for partition or liquidation under § 363(h).

The foregoing determination, while binding upon the debtor and the trustee, does not preclude any creditor with a joint claim against the husband and wife from seeking relief under the rule announced in *Napotnik v. Equibank & Parkvale Savings Association*, 679 F.2d 316 (3rd Cir.1982).

---

2. It also made no reference to the Supreme Court's abandonment in *Ball v. Ball*, 335 So.2d 5 (Fla.1976) of the fiction of a presumptive gift.