**In re Clarens LUNA, Debtor.**

**Bankruptcy No. 89–00573–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

June 1, 1989.

Steven H. Friedman, Miami, Fla., for trustee.

Jeffrey Solomon, Coral Gables, Fla., for debtor.

**ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIMED EXEMPTION AND MOTION FOR TURNOVER**

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard on Thursday, May 4, 1989, upon the Objection to Claimed Exemption and Motion for Turnover, filed by Steven Friedman, Trustee. The Debtor has claimed as exempt all personal property located in his home. The Trustee has prepared and submitted his own Inventory of Assets, itemizing the personal property located in the Debtor's home, and values the personal property at $5,720.00 (Trustee's Exhibit 1). The Trustee asserts that an undivided one-half interest in the personal property reflected upon his Inventory of Assets constitutes property of this bankruptcy estate. Accordingly, after allowance for the $1,000.00 personal property exemption provided by Article X, § 4(a)(2) of the Florida Constitution, the Trustee asserts that the non-exempt value of the tangible personal property of this estate is equal to $1,860.00. At the hearing on this matter, the Debtor did not contest the accuracy of the Trustee's itemization and valuation.

The Trustee has presented a two-pronged argument in support of his objection to the Debtor's claim of exemption. Firstly, the Trustee asserts that the Debtor

did not claim his personal property to be exempt in his bankruptcy schedules, pursuant to the doctrine of tenancy by the entireties recognized under Florida law. Rather, the Trustee submits that the Debtor, simply by having listed as exempt on his Schedule B–4 "all personal property" (Trustee's Exhibit 2) and by having valued his personal property at $1,000.00, has not claimed the subject personal property as exempt by virtue of a tenancy by the entireties. However, pursuant to Bankruptcy Rule 1009(a), a Debtor may amend his bankruptcy schedules as a matter of course at any time before a case is closed. I construe the Debtor's argument of an entitlement to exempt his personal property based upon the common law doctrine of tenancy by the entireties as an amendment to his Schedule B–4, and accordingly, reject this aspect of the Trustee's argument.

Secondly, the Trustee asserts that in order for a tenancy by the entireties in personal property to exist, there must exist an intent to create a tenancy by the entireties. The Trustee relies upon the decisions of *In re Marchini*, 45 B.R. 187 (Bkrtcy.—S.D. Fla.1984), and *In re Spatola*, 65 B.R. 49 (Bkrtcy.—S.D.Fla.1986), and asserts that an intent to create a tenancy by the entireties in personal property cannot be proved simply through the self-serving testimony of a debtor or his spouse at a hearing where the debtor's exemption claim is challenged.

 The Court concludes that there can be presumptive type of tenancy by the entireties in personal property, contrary to the holding in the *Marchini* decision. *See, Hagin v. Hagin*, 353 So.2d 949 (2nd DCA 1978). The concurrence of the lapse of a number of years of marriage between the debtor and his or her spouse, the continuous possession of the articles of personal property in question and the testimony by the debtor or the debtor's spouse that, upon the death of the debtor, the personal property in question would not be returned to the original purchaser or donor of the personal property, creates a presumption of an intent by the Debtor and his or her non-debtor spouse to create a tenancy by the entireties in personal property. *Sub judice*, Marta Cecilia Luna, the Debtor's wife, testified that she and her husband received the personal property in question, consisting largely of furniture, as a wedding gift in 1978 from her family. She further testified that she and her husband had lived together continuously since their receipt of the personal property. Mrs. Luna also testified that in the event of her death, the personal property would inure to the benefit of her husband, and would not be returned to the donors of the personal property, or transferred to Mrs. Luna's devisees by way of probate administration.

Based upon the evidence submitted at the time of hearing, together with the testimony of Mrs. Luna, the Court is convinced that the requisite intent to create a tenancy by the entireties existed at the time of the acquisition by the Debtor and his wife of the subject personal property, and that a tenancy by the entireties between the Debtor and his wife has existed as to the subject personal property as of the petition date herein.

Accordingly, it is hereby ORDERED and ADJUDGED that the Trustee's Objection to Claimed Exemption and Motion for Turnover is hereby overruled, and all of the furniture and other items of personal property inventoried by the Trustee fall within the Trustee's claim of exempt property.

DONE and ORDERED.