**In re Robert Douglas STANLEY, Debtor.**

**Bankruptcy No. 89–3175–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 3, 1990.

Armistead W. Ellis, Jr., Jacksonville, Fla., for debtor.

Brett P. Abner, Jacksonville, Fla., for Fadel Elbadramany.

Gregory K. Crews, Jacksonville, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the objection filed by Fadel Elbadramany, a creditor, to property claimed exempt by the debtor. Upon the evidence presented, the Court makes the following findings of fact and conclusions of law:

### FACTS

1. Robert Douglas Stanley (debtor) and Ardyth Ann Stanley were husband and wife at all relevant times.

2. On October 17, 1989, debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* (the Bankruptcy Code). His wife did not file separately or join in this petition.

3. On October 17, 1989, the debtor filed his Schedule B–4 "Property Claimed as Exempt" and listed numerous items of personal property as being jointly owned with his wife as tenants by the entirety.

4. On December 29, 1990, Fadel Elbadramany (Elbadramany), a creditor, timely filed an objection to the debtor's claim of exemption. Elbadramany contends that the exemptions claimed by the debtor exceed the allowance under Article X, Section 4, Florida Constitution, and Chapter 222, Florida Statutes. Debtor replies that the items are exempt from administration because the property is held by he and his wife as tenants by the entireties (the Joint Property). Specifically, debtor has claimed

the following Joint Property as exempt and has estimated value as:

| | |
|---|---|
| Household goods | $ 50.00 |
| Supplies | 20.00 |
| Furnishings | 1,000.00 |
| Books | 100.00 |
| 1983 Ford van | 5,000.00 |
| 1984 Ford truck | 3,500.00 |

Debtor did not delineate what specific items of personal property comprise these various categories.

5. Debtor's schedules further establish that the following property is owned *solely* by the debtor:

| | |
|---|---|
| Wearing apparel, jewelry, firearms, sports equipment, and other personal possessions | $690.00 |
| Wedding ring | 100.00 |
| Filing cabinet | 50.00 |

(the Solely Owned Property).

6. The Court accepts the testimony of Elbadramany's expert that debtor and his wife own the following Joint Property which has a fair market value for each items as follows:

| | |
|---|---|
| 1983 Ford Conversion Van (Titled as Mr. "or" Mrs. Stanley) | $ 4,875.00 |
| 1984 Ford Pick-up Truck (Titled as Mr. "or" Mrs. Stanley) | $ 3,975.00 |
| 1978 Sears Lawn tractor, cart and spreader | $ 125.00 |

**Barn**

| | |
|---|---|
| 2 step ladders | 20.00 |
| 1 extension ladder | 15.00 |
| Tool box w/small asst. tools | 15.00 |
| Garden tools | 15.00 |
| 2 gas cans | 6.00 |
| Qtz. heater | 15.00 |

**Laundry**

| | |
|---|---|
| Washer | 90.00 |
| Dryer | 90.00 |
| Leaf blower | 15.00 |
| Telephone | 10.00 |
| Fan | 5.00 |

**Entry**

| | |
|---|---|
| Hat rack | 15.00 |
| Credenza | 60.00 |
| Wall mirror | 12.00 |

**Living Room**

| | |
|---|---|
| L-shaped sectional sofa | 250.00 |

| | |
|---|---:|
| Large rocker | $ 50.00 |
| Lamp table | 45.00 |
| Lamp | 5.00 |
| Stereo | 45.00 |
| Coffee table | 75.00 |
| Large basket, used as magazine holder | 15.00 |
| 2 ceiling fans | 50.00 |
| Fireplace equipment | 25.00 |
| Collection of pewter, consisting of 10 plates, pitcher, 5 stems, salt and pepper shakers, candle holder | 95.00 |
| Windsor chair, damaged | 30.00 |
| 2 lamps | 15.00 |
| Chair | 65.00 |
| Framed painting | 25.00 |
| 6 framed photos, pictures | 30.00 |
| V.C.R. | 50.00 |
| Television | 65.00 |
| Cabinet | 20.00 |

**Porch**

| | |
|---|---:|
| Gas grill | 35.00 |
| 2 swings | 30.00 |
| Wicker base dining table, glass top | 40.00 |
| Wicker chair | 20.00 |

**Kitchen**

| | |
|---|---:|
| Kirby Vacuum | 40.00 |
| Iron and board | 18.00 |
| Range | 95.00 |
| Refrigerator | 180.00 |
| Microwave | 35.00 |
| 4 bar stools | 60.00 |
| Telephone | 12.00 |
| Coffee maker | 12.00 |
| Blender | 10.00 |
| Food processor | 25.00 |
| Popcorn popper | 3.00 |
| Pots and pans | 35.00 |
| 4 slice toaster | 10.00 |
| Stainless | 10.00 |
| Wok | 3.00 |
| Waffle iron | 5.00 |

**Bedroom**

| | |
|---|---:|
| Desk | 95.00 |
| King size bed w/bedding | 120.00 |
| 2 bedside tables | 70.00 |
| Dresser w/mirror | 95.00 |
| Television | 35.00 |
| Chest | 90.00 |
| File cabinet | 50.00 |

**Bedroom 2**

| | |
|---|---:|
| Double bed w/bedding | 90.00 |
| Dresser | 80.00 |
| 2 bedside tables | 60.00 |
| Ceiling fan | 20.00 |
| Small lamp | 2.00 |

**Bedroom 3**

| | |
|---|---:|
| Lingerie chest | 55.00 |

| | |
|---|---|
| Double bed w/bedding | $ 90.00 |
| Dresser w/mirror | 80.00 |
| Desk w/bookcase | 70.00 |
| Ceiling fan | 20.00 |

**Hall**

| | |
|---|---|
| Table | 20.00 |
| Lamp | 3.00 |
| Asst. bed and bath linens | $ 35.00 |
| **Total Joint Property** | **$12,171.00** |

7. The Court further accepts the testimony of the expert that the following items are Solely Owned Property and have a fair market value for each item as follows:

| | |
|---|---|
| 410 shotgun | $ 65.00 |
| Man's white gold wedding band | 75.00 |
| Man's class ring | 20.00 |
| Approximately 70 items of hanging clothing | 210.00 |
| Golf clubs, bag, etc. | 100.00 |
| Total | $470.00 |

8. The total value of the Joint Property and the Solely Owned Property is $12,641.00.

9. Debtor testified that he did not know the meaning of "tenancy by the entirety" and that no written records exist which would substantiate the fact that the Joint Property was held by the debtor and his wife as tenants by the entireties. Mrs. Stanley testified that items of personal property were, on occasion, purchased by her, without the debtor's knowledge, but that they considered those items as "theirs." Both the debtor and his wife testified that the Joint Property is located at their residence and that these items were considered not "his" or "hers" but "theirs."

## CONCLUSIONS OF LAW

1. Upon commencement of a case under the Bankruptcy Code, an estate is created comprising property in which the debtor has a legal or equitable interest as of petition date, § 541(a) of the Bankruptcy Code. However, an individual debtor may exempt property from his/her bankruptcy estate by claiming certain exemptions authorized by § 522 of the Bankruptcy Code.

2. Section 522 of the Bankruptcy Code provides that a state may preclude use of the exemptions permitted under federal law and limit a debtor's rights to only those exemptions provided under state law. The State of Florida has exercised this privilege. § 222.20, Florida Statutes (1989).

3. Under Florida law, an individual is entitled to exempt $1,000.00 worth of personal property. F.S.A. Const. Art. X, § 4 (1989).

4. Under § 522(b)(2)(B) of the Bankruptcy Code, an individual is entitled to exclude from his bankruptcy estate "... any interest in property in which (he) ... had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law." *See also In re Ciccarello,* 76 B.R. 848 (Bankr.M.D.Fla.1987); *In re Lunger,* 14 B.R. 6 (Bankr.M.D.Fla.1981); *cf. In re Koehler,* 6 B.R. 203 (Bankr.M.D. Fla.1980).

5. Florida state courts recognize that estates by the entireties can exist in both personal and real property, a position which the federal courts sitting in Florida

have followed. *In re Peeples*, 105 B.R. 90 (Bankr.M.D.Fla.1989); also see *Sheldon v. Waters*, 168 F.2d 483, 484 (5th Cir.1948); *Bruce v. McClure*, 220 F.2d 330, 333 n. 2 (5th Cir.1955).

6. Under Florida law, property held by a husband and a wife in an estate by the entireties belongs to neither individual spouse but to a separate and distinct entity referred to as the "unity" or "the marriage." *In re Peeples, supra; Sheldon v. Waters, supra,* at p. 484; *Mesa Petroleum Company v. Coniglio*, 16 B.R. 1015 (M.D.Fla.1982).

7. The primary issue raised in this case is whether the Joint Property claimed by the debtor as exempt is owned by he and his wife as tenants by the entireties under Florida law and is properly excluded from the debtor's estate.

8. Elbadramany asserts that the Joint Property is not owned by the debtor and his wife as tenants by the entireties; he suggests one-half of the Joint Property valued at $6,085.50 constitutes the debtor's interest in the Joint Property and is property of this estate subject to the claims of creditors. Further, he argues the Solely Owned Property, valued at $470.00 is property of this estate and is subject to the claims of creditors. After allowance for the $1,000.00 personal property exemption provided by Article X, § 4(a)(2) of the Florida Constitution, Elbadramany asserts that the debtor's interest in the non-exempt value of his interest in the Joint Property and the Solely Owned Property is $5,555.50.

9. "It is the burden of the person claiming an exemption to demonstrate his or her entitlement to it." *In Matter of Estridge*, 7 B.R. 873 (Bankr.M.D.Fla.1980).

10. "A viable tenancy by the entirety, with regard to either realty or personalty, must possess always and at the same time the following characteristics of form: unity of possession (joint ownership and control); unity of interest (the interests must be the same); unity of title (the interests must originate in the same instrument); unity of time (the interests must commence simultaneously); and the unity of marriage." *First National Bank of Leesburg v. Hector Supply Company*, 254 So.2d 777 (Fla.

1971). *See also In re Golub*, 80 B.R. 230 (Bankr.M.D.Fla.1987).

11. Further, in *Great Southwest Fire Insurance Company v. Dewitt*, 458 So.2d 398, 400 (Fla. 1st DCA 1984), the Court held: "Our Supreme Court has held that in matters involving personalty, in order to create a tenancy by the entirety, 'not only must the form of the estate be consistent with entirety requirements, but the intention of the parties [to create the estate] must be proven.'"

12. The scant evidence in the instant case shows that the debtor has no documentary evidence to verify that these items of personalty are held in form of tenancy by the entireties. The only evidence the Court has is the self-serving declarations of the debtor and his wife that they had the requisite intent to create an entireties estate, because they believed the property to be "theirs." The debtor and his wife did not go into detail as to their acquisition of these items of personal property. However, the wife's testimony clearly establishes that at least certain, if not all, of the Joint Property was purchased by her separately from and without knowledge of the debtor.

13. The tenancy by the entireties concept though, as applied to personal property, requires some quantum of proof of intent. *First National Bank v. Hector, supra,* at p. 781; also see *In re Golub, supra,* at p. 233. The proof must assure that the tenancy was not a hurried, after-the-fact creation used for purposes of insulating property from the claims of creditors of one of the spouses. *Sterrett v. Sterrett*, 401 Pa. 583, 166 A.2d 1 (1960); *Hagerty v. Hagerty*, 52 So.2d 432 (Fla.1951).

14. The burden of proving intent to create a tenancy by the entireties cannot be met solely by the testimony of the debtor or spouse at the hearing on the objection to the claimed exemption. *In re Spatola*, 65 B.R. 49 (Bankr.S.D.Fla.1986) and *In re Marchini*, 45 B.R. 187 (Bankr.S.D.Fla. 1984).

15. This Court notes that in *In re Luna*, 100 B.R. 605 (Bankr.S.D.Fla.1989),

holds that self-serving declarations alone are sufficient to prove intent. This Court adopts the findings of *Marchini* and *Spatola* since they are consistent with the holdings of the Florida Supreme Court and declines to adopt the reasoning in the *Luna* case.

16. The debtor and wife did not have the requisite intent to create a tenancy by the entireties at the time the Joint Property was acquired. The debtor has not sustained his burden of showing that he is entitled to exempt the Joint Property from his bankruptcy estate.

17. The Court finds that the Joint Property is owned by the debtor and wife as tenants in common and not by the entireties.

18. The debtor is entitled to select $1,000.00 worth of personal property, as provided by Article X, § 4(a)(2) of the Florida Constitution, and the remaining items of personal property shall be surrendered to the Trustee.