In re Stanley Robert SHALAND, Debtor.

No. 91–30587–BKC–RAM.

United States Bankruptcy Court,
S.D. Florida.

Oct. 28, 1991.

Laura H. Roberts, Coll, Davidson, Carter, Smith, Smith, Salter & Barkett, P.A., Miami, Fla., for Chemical Bank.

Leslie Gern Cloyd, Ackerman, Bakst, Cloyd & Scherer, P.A., W. Palm Beach, Fla., for debtor.

Douglass Wendel, Trustee, Palm Beach, Fla.

MEMORANDUM OPINION

ROBERT A. MARK, Bankruptcy Judge.

Chemical Bank, a judgment creditor, objects to the debtor, Stanley Robert Shaland's ("Shaland" or "Debtor"), exemption claims on two items of personal property—

a car and a bank account. Testimony and argument were presented on August 27, 1991. The objection is sustained as to the car and denied as to the bank account.

## BACKGROUND FACTS

The Debtor filed his voluntary Chapter 7 petition on March 6, 1991. The Debtor's Schedule B–4 lists as exempt a 1984 Mercedes four door car claimed to be jointly owned with his wife Michiko Shaland as tenants by the entireties. Schedule B–4 also lists certain bank accounts claimed to be exempt as assets owned jointly with his wife as tenants by the entireties, including a joint certificate of deposit held at Amerifirst Federal Savings & Loan ("Amerifirst"), account number 52–0005366–3, with a balance of $6,349.84.

The Debtor's Statement of Financial Affairs lists two other allegedly exempt accounts, a joint checking account at Amerifirst with a balance of under $200 and a joint certificate of deposit with his wife at Coral Gables Federal with a balance of almost $7,000. Chemical Bank withdrew its objection as to the Coral Gables account because that account's signature card (Debtor's Exhibit 3) includes a designation code confirming that the account is held as tenants by the entireties. The Amerifirst checking account is also no longer being contested.

The Certificate of Title to the 1984 Mercedes is in the name of Stanley and Michiko Shaland. Mr. Shaland testified that their intention was to put the car in joint ownership, "in both our names." Mrs. Shaland testified that they owned the car as husband and wife. The car was sold by Mrs. Shaland in connection with the purchase of a new car. She sold the Mercedes without Mr. Shaland's knowledge or specific approval although he did suggest to her that she look for another car. It is unclear how Mrs. Shaland was able to sell or trade-in the Mercedes without Mr. Shaland's signature.

The Amerifirst account card names "Mrs. Michiko Shaland or Mr. Stanley Shaland or Survivor" as holders of the account. The account type is indicated as "Joint."

In addition to the expected self-serving testimony from each spouse that the account was intended to be held by the entireties, Mr. Shaland also testified that the money deposited into the Amerifirst account consisted of proceeds from the sale of a house which was owned as tenants by the entireties. I am troubled by the absence of documentary evidence to support this testimony but there was no objection to the admissibility of the testimony and it was unrefuted at the hearing.

## DISCUSSION

Bankruptcy Code § 522(b)(2)(B) allows for the exemption of

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

The burden of proving entitlement to such exemption lies upon the debtor, and this burden cannot be met solely by spouses' testimony. *In re Stanley*, 122 B.R. 599 (Bankr.M.D.Fla.1990); *In re Spatola*, 65 B.R. 49 (Bankr.S.D.Fla.1986); *In re Marchini*, 45 B.R. 187 (Bankr.S.D.Fla.1984).

Florida state courts recognize that estates by the entireties can exist in both personal and real property, and federal courts sitting in Florida have consistently followed this position. *In re Peeples*, 105 B.R. 90 (Bankr.M.D.Fla.1989). A viable tenancy by the entirety, with regard to either real or personal property must always possess the following characteristics of form: unity of possession (joint ownership and control); unity of interest (the interests must be the same); unity of title (the interests must originate in the same instrument); unity of time (the interests must commence simultaneously); and the unity of marriage. *First National Bank of Leesburg v. Hector Supply Company*, 254 So.2d 777 (Fla.1971). Further, in *Great Southwest Fire Insurance Company v. Dewitt*, 458 So.2d 398, 400 (Fla. 1st DCA 1984), the court held:

Our Supreme Court has held that in matters involving personalty, in order to create a tenancy by the entirety, 'not only must the form of the estate be consistent with entirety requirements, but the intention of the parties [to create the estate] must be proven.'

■ The only evidence this Court has regarding the Mercedes is the self-serving declarations of the Debtor and his wife that they had the requisite intent to create an entireties estate because they believed the property to be "theirs." The tenancy by the entireties concept though, as applied to personal property, requires some quantum of proof of intent. Debtors must prove that the tenancy was not a hurried, after-the-fact creation for the purposes of insulating property of one of the spouses from the claims of creditors. *Stanley*, 122 B.R. at 604. The conclusory testimony of Mr. and Mrs. Shaland was simply not enough to prove the requisite intent. Thus, the Mercedes is not entireties property and the objection to its exempt status is sustained.[1]

■ By contrast, there was other direct and circumstantial evidence to bolster the Shalands' testimony regarding the bank account. First, as described earlier, Chemical Bank withdrew its objection to the exempt status of the Coral Gables Federal account because the account card included a designation code indicating that the account was held as tenants by the entireties. The Amerifirst account was opened on December 9, 1987. The Coral Gables Federal account was opened on September 23, 1988. There is no evidence that would suggest a reason why the Shalands would have specified one account as entireties property and the other account as joint property. Thus, the Coral Gables account provides circumstantial evidence that the Amerifirst account was intended to be entireties property.

Moreover, Mr. Shaland testified that the Amerifirst account was funded with proceeds from the sale of a house owned by the Shalands as tenants by the entireties. The Debtor did not introduce the title to

the house or any documentation supporting his testimony. Nevertheless, the testimony was offered without objection and was unrefuted. This additional evidence stands in marked contrast to the evidence found to be insufficient by Judge Britton in his *In re Spatola* decision. There, the mortgage claimed to be held by the entireties was received in payment for a house owned and titled in the debtor alone. 65 B.R. at 50. That fact outweighed the debtor's "self-serving testimony" and resulted in a finding that no estate by the entirety was created in the mortgage. *Id.* Here, the testimonial "tracing" of the bank account proceeds to real estate held by the entireties bolsters the Shalands' conclusory description of their intent. In sum, the debtor presented sufficient evidence to prove the requisite intent to create an estate by the entireties in the Amerifirst certificate of deposit account.

■ This Court rejects Chemical Bank's argument that the wife's ability to liquidate the bank account on her own negates the spouses' entireties claim. This precise argument was addressed and rejected by the Florida Supreme Court in *First National Bank of Leesburg v. Hector Supply Company*, 254 So.2d at 779. In that case, the district court of appeal held as a matter of law that a joint account allowing for individual withdrawal may not be held as an estate by the entireties. The Florida Supreme Court rejected this *per se* rule and quashed the lower court's decision. 254 So.2d at 779. Thus, Mrs. Shaland's ability to withdraw the Amerifirst account funds does not defeat the entireties claim.

## CONCLUSION

In determining the sufficiency of evidence to establish an estate by the entireties in personal property, the court must look to facts and circumstances beyond the spouses' conclusory testimony. Here, that

---

1. I do not decide the value of the Debtor's interest which now passes to the trustee nor resolve the practical problem that exists because the car has been sold. Presumably, the trustee is entitled to one-half the value of the car as of the filing date.

evidence exists for the bank account but not for the car. Thus, the Court sustains Chemical Bank's objection as to Debtor's car and denies Chemical Bank's objection as to the bank account. A separate order will be entered in accordance with this opinion.