**In re Luray RICHARDSON, Debtor.**

**Bankruptcy No. 92–20480–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 6, 1993.

Memorandum and Order on Motions
of Debtor March 2, 1993.

Robert C. Meyer, P.A. by Robert C. Meyer, for trustee.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. by Kevin M. McGinty and Henry M. Rosen, for FDIC as Liquidation Agent, Receiver for Malden Trust Corp.

Neiwirth & Neiwirth, P.A. by Arthur C. Neiwirth, Singh & Bristol, P.A. by John D. Bristol and Manny Singh, for debtor.

## MEMORANDUM OF DECISION

CHARLES J. MARRO, by Special Designation.

This Court has jurisdiction to hear and determine this matter as a core proceeding under 28 U.S.C. § 157(b)(1)(2)(B) and the general reference to this Court by the United States District Court for the southern District of Florida.

This Memorandum of Decision constitutes findings of fact and conclusions of law under Rule 52 F.R.Civ.P. made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Court has before it for determination the objections of FDIC as Liquidating Agent/Receiver for Malden Trust Co. and of the Trustee to the Debtor's Supplementary Schedules and the Debtor's Claim of Exemption to a certain account receivable allegedly owed to him and his wife as an estate by the entirety.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on or about February 6, 1992 and the receivable was not listed as an asset under Schedule B or Schedule C—Property Claimed As Exempt which were attached to the petition.

On August 18, 1992 the Debtor executed an amendment and supplement to his schedules which was filed and under Schedule C—Property Claimed As Exempt he listed the following:

"shareholder loans receivable from Polynesian Village management, Inc. jointly

held with wife unk. 11 USC 522(b)(2)(B) tenancy by the entirety w.r.o.s."

The estimated value of this receivable is $1,900,000.00.

Florida "opted out" of the federal exemptions as of October 1, 1979. Fla.Stat.Ann. § 222.20. Therefore, Florida debtors are only permitted to exempt property under state law or federal law other than 11 U.S.C. § 522(d). Accordingly a debtor may exempt any interest in property in which he had, immediately before the commencement of the case, an interest as tenant by the entirety to the extent that such interest as an estate by the entirety is exempt from process under applicable nonbankruptcy law. 11 U.S.C. § 522(b)(2)(B).

█ Florida continues to recognize tenancies by the entirety including tenancies by the entirety in personal property, and to hold such interests exempt from the claims of creditors. *U.S. v. One Single Family Residence With Out Bldgs.*, 894 F.2d 1511 (11th Cir.1990); *U.S. v. Gurley*, 415 F.2d 144 (5th Cir.1969); *Miller v. Rosenthal*, 510 So.2d 1127 (Fla. 2d DCA 1987); *First National Bank of Leesburg v. Hector Supply Co.*, 254 So.2d 777 (Fla.1971).

An evidentiary hearing was held at the conclusion of which the Debtor moved for involuntary dismissal. At the request of the Court the Debtor has filed a written Motion to Dismiss supported by a memorandum. In reply both FDIC and the trustee have submitted objections to the motion and, in addition, FDIC has moved for summary judgment. They have also filed memoranda of law.

From the evidence adduced at the hearing the following findings of fact are made and conclusions reached:

The Debtor, Luray Richardson, is a real estate developer and has been residing in Ft. Lauderdale, Florida for a number of years. He has been married to Elena G. Richardson since 1979.

Included in the Debtor's business ventures was the Polynesian Village Hotel Management Company, Inc., a Florida corporation organized in 1986. The Debtor and his wife, Elena, were the shareholders of that company and they were issued 500 shares of capital stock as tenants by the entireties on January 14, 1987. This corporation was organized for the purpose of operating a franchise hotel under the name of Polynesian Hotel. The Debtor and his wife did in fact together conduct the business for which the corporation was formed.

The Debtor considered the hotel venture as "us," he being of the old school, and after marriage half was his and half was hers. He made loans to the Polynesian Village Hotel whenever it needed money but he has no documentation by way of notes or other writings supporting the loans. His bookkeeper, Irene Cribb, and his accountant, Arthur Ford, a C.P.A., took care of the paper work.

Whenever the hotel was in need of money to pay bills the bookkeeper would request it of Mr. & Mrs. Richardson and it would be furnished by either of them.

Accountant Ford had been engaged by the Debtor for a period of ten years and he had prepared the tax returns for the Polynesian Hotel for a year. It had sustained losses and moneys had been put into it by the Debtor and his wife. When that occurred the accountant had discussions with the Debtor that it was a debt but he never saw any notes reflecting such a transaction.

Econo Lodge was the franchise name for the Polynesian Hotel project and bookkeeper Cribb, upon whom the Debtor relied, prepared a Detailed Balance Sheet for "ECONO LODGE (P.V. HOTEL MGMT CO. INC.)." She formed the categories for this balance sheet and under Long Term Liabilities were listed the following:

| | |
|---|---|
| Loans—TO/FROM LFR | 1,908,521.20 |
| L/P L.F Richardson | 108,000.00 |
| Loans—LFR Mass | 4,500.00 |
| Loans—EGR | 100,435.67 |

The loan To/From LFR for 1,908,521.20 was initialed by the Debtor. The loan "EGR" of 100,435.67 was initialed by the Debtor's wife, Elena G. Richardson.

## CONCLUSIONS AND DISCUSSION

The evidence in this case clearly establishes that both the Debtor and his spouse,

Elena G. Richardson, owned the Polynesian Hotel project as tenants by the entirety as evidenced by the 500 shares of stock issued to them by Polynesian Village Hotel Management Company, Inc. on January 14, 1987.

It has also been established that each of them made individual loans to this corporation as indicated in the Detailed Balance Sheet prepared by the Debtor's bookkeeper. However, there is a failure of credible evidence that the shareholder loan receivable of $1,908,521.20 from Polynesian Village Management, Inc. was in fact owned by the Debtor and his wife as an estate by the entirety.

■ The burden of proof is upon the Debtor to establish that the shareholder loan receivable is owned by him and his wife as tenants by the entirety. *First National Bank of Leesburg v. Hector Supply Co.*, 254 So.2d 777, 780 (Fla.1971); *In re Marchini* 45 B.R. 187, 188 (Bkrtcy S.D.Fla. 1991)

■ In sustaining this burden the Debtor must be cognizant that a viable tenancy by the entirety with regard to either real or personal property must always possess the following characteristics of form: unity of possession (joint ownership and control); unity of interest (the interests must be the same); unity of title (the interests must originate in the same instrument); unity of time (the interests must commence simultaneously); and the unity of marriage. *First National Bank of Leesburg v. Hector Supply Co.*, 254 So.2d 777 (Fla.1971); *In re Shaland*, 133 B.R. 166, 167 (Bkrtcy S.D.Fla.1991). In addition to the form requirements the debtor must establish that he and his wife intended to create an estate by the entirety. *Great Southwest Fire Insurance Company v. De Witt*, 458 So.2d 398, 400 (Fla. 1st DCA 1984.)

■ Such intent requires some proof beyond the mere testimony of the debtor or spouse. The debtor must prove that the tenancy was not a "hurried, after the fact creation," used to insulate property from creditors' claims. *In re Stanley*, 122 B.R.

599 (Bkrtcy M.D.Fla.1990); *In re Shaland*, supra; *Hurlbert v. Shackleton*, 560 So.2d 1276 (Fla. 1st DCA 1990).

■ The record in this case clearly establishes that the Debtor has failed to meet his burden. His claim to the receivable as a tenancy by the entirety is based solely on his self-serving testimony. His bookkeeper and accountant both testified that there were loans by him and his wife to the hotel corporation but the only documentation was the detailed balance sheet which clearly shows, confirmed by the initials of the Debtor and his wife, that the receivable of $1,908,521.20 was an individual loan of the Debtor and that of $100,435.67 was an individual loan of the Debtor's wife.

The Court finds it incredible that a sophisticated real estate developer of many years such as the Debtor and his C.P.A. accountant with 20 years of practice would fail to document the receivable of almost two million dollars as being owned by the Debtor and his wife as an estate by the entirety, especially in the light of the tax implications which might result from the dealings between them and the corporation.

Absent any such documentation and the reliance by the Debtor on his self-serving testimony the Court concludes that the motion of the Debtor for Dismissal of the objection should be denied and the Motion of FDIC for summary judgment should be granted.

■ The Court recognizes, as the Debtor contends, that a presumptive tenancy by entirety in personal property may be created by the concurrence of the lapse of a number of years of marriage, continuous possession of the articles in question, and testimony by the debtor or spouse that the debtor's death would not occasion the return of the property to the original purchaser or donor. *In re Luna*, 100 B.R. 605 (Bkrtcy S.D.Fla.1989). However, *Luna* is distinguishable in that it involved physical property in the possession of the husband and wife for a period of years. In the instant case the receivable as an intangible came into existence within the past few years as the result of loans made to the

corporation individually by the Debtor. Therefore, *Luna* is not apposite.

An Order is being entered of even date in accordance with the Memorandum of Decision as per Rule 9021 of the Federal Rules of Bankruptcy Procedure.

## MEMORANDUM AND ORDER ON MOTIONS OF DEBTOR

The Court has before it for consideration the following:

1. Motion of Debtor To Strike FDIC's Original and Amended Motion For Summary Judgment.

2. Debtor's Motion For Rehearing, Reconsideration Or In The Alternative To Modify Or Amend Final Judgment.

Federal Deposit Insurance Corporation, As Liquidating Agent/Receiver For Malden Trust Company has filed Opposition memoranda to both of said motions.

## AS TO MOTION TO STRIKE

 The Debtor predicates his Motion to Strike FDIC's original and amended motion for summary judgment on the failure of FDIC to comply with Federal Rule of Civil Procedure 56 requiring the filing of said motion at least 10 days prior to the scheduled hearing date on November 16, 1992.

The Debtor's position is without merit. The Motion For Summary Judgment was considered by the Court only after there had been a full hearing on the merits and a determination had been made that the Debtor's claim to an exemption of the stockholders' receivable from Polynesian Village Management, Inc. was not justified. The Court considered the granting of the motion of FDIC for summary judgment as a confirmation or enforcement of its decision that the Debtor had failed to sustain his burden of proof that he was entitled to the claimed exemption. Under such circumstances a technical violation of F.R.C.P. Rule 56, if in fact there was one, did not prejudice the Debtor. *Thacker v. Whitehead*, 548 F.2d 634, 636 (6th Cir. 1977). As a result it constitutes a waiver and the granting of the motion for summary judgment should stand.

## AS TO MOTION FOR REHEARING AND RECONSIDERATION

The Debtor emphasizes that the Court on several occasions stated that it was on a very tight schedule and required the Debtor to cut short his presentation of evidence on the second day of the hearing and, as a result, the Debtor was precluded from presenting evidence from an accountant who did testify at the hearing and the Debtor was wholly precluded from presenting evidence from a second accountant who was prepared to testify about the Debtor's finances but was prevented from testifying altogether.

The Court concedes that it was on a tight schedule because of the crowded docket but it did not foreclose the parties from introducing any relevant evidence. As pointed out by FDIC the Debtor adduced whatever testimony he felt necessary and then rested his case. The Court believes that the record will show that the Debtor did not apprise the Court that he had a second accountant to testify. Even if he did testify about the Debtor's finances it would not have changed the result.

The Court's findings and conclusions were based on the totality of evidence adduced at the hearing. The Debtor's witnesses, in the Court's view, failed to establish by the preponderance of the evidence that he was entitled to the claimed exemption. He readily admitted that he had no documentation to support his claim. He was a very sophisticated entrepreneur who was involved in several substantial commercial projects over many years and in addition had the services of a CPA accountant with 20 years of practice. Yet they failed to document a receivable of almost $2,000,000.00 as one owned by the Debtor and his wife as an estate by the entirety.

The Court considers it elementary in accepted accounting practices to evidence such a receivable by a promissory note executed by the Corporation to the Debtor and his wife with the terms of the obligation spelled out in the document.

The Court also considered the failure of the Debtor to list the receivable as exempt in his original schedules as casting some doubt as to whether the Debtor treated it as such ab initio.

Any additional testimony by the second accountant could not, in the light of the Debtor's assertion that there was no documentation, establish the existence thereof without impeaching the Debtor as a witness. The contemplated testimony could not affect the result which was predicated on all of the evidence and this failed to establish that the Debtor was entitled to the claimed exemption.

 FDIC also points out that the motion for a rehearing or reconsideration was not timely in that it was not served within 10 days after entry of judgment and therefore is in violation of Rule F.R.Civ.P. 59(b) which applies in cases under the Bankruptcy Code (*See* Rule 9023).

F.R.Civ.P. 59(b) provides that a motion for a new trial shall be served not later than 10 days after the entry of judgment.

The judgment order in this contested proceeding was entered on January 6, 1993 and the motion for rehearing and reconsideration was not filed until February 2, 1993.

Even though the Court granted the Debtor an extension of time to February 2, 1993 to file the motion FDIC contends that the Court was prohibited from enlarging the time by virtue of Federal Bankruptcy Rule 9006(b)(2) which reads:

> The Court may not enlarge the time for taking action under Rules ... inter alia ... 9023.

Rule 9023 is the same as F.R.Civ.P. 59.

The Court is inclined to agree with FDIC's position.

In accordance with the foregoing the Motions of the Debtor To Strike and For a Rehearing and Reconsideration are hereby DENIED.