**In re Robert Ellis BLAIS, Debtor.**

**Patricia DZIKOWSKI, Trustee, Appellant,**

v.

**Robert Ellis BLAIS, Appellee.**

**No. 95–CV–8334.
Bankruptcy No. 93–32191–BKC–SHF.**

United States District Court,
S.D. Florida.

Nov. 21, 1997.

Robert Paul Charbonneau, Reggie David Sanger, P.A., Ft. Lauderdale, FL, for Plaintiff.

Kevin Christopher Gleason, Houston & Shahady, Ft. Lauderdale, FL, for Defendant.

### ORDER REVERSING BANKRUPTCY COURT ORDERS

NESBITT, District Judge.

THIS CAUSE came before the Court upon an appeal from the Bankruptcy Court, pursuant to 28 U.S.C. § 158(a). This is an appeal by the Trustee, Patricia Dzikowski, ("Trustee" or "Appellant"), from two orders of Judge Steven H. Friedman. The first is the *Order Granting Debtor's Motion for Summary Judgment and Denying Trustee's Motion for Summary Judgment,* entered on January 20, 1995 (the "Plan Order"). The issue is whether the Bankruptcy Court erred in determining that the Robert E. Blais Profit Sharing Plan and Trust was a "qualified" plan pursuant to Florida Statutes § 222.21 and Internal Revenue Code § 401, without inquiring into the actual operation of the plan. The second order appealed from is the *Order Overruling Trustee's Objections to Exemptions,* entered on February 9, 1995. This issue is whether the Bankruptcy Court erred in placing the burden of proof on the Trustee, with respect to the Trustee's objection to the Debtor's claimed tenancy by the entireties exemption.

### Procedural Background

Robert E. Blais is the Debtor, Appellee, in this appeal ("Blais" or "Appellee"). The Trustee filed an objection to Blais' claimed exemptions in certain personalty, including, sports equipment, artwork, household furnishings and the Robert E. Blais Profit Sharing Plan and Trust (the "Profit Sharing Plan" or "Plan"). The Trustee moved for summary judgment on her objection to exemption of the Profit Sharing Plan on the basis that such plan was includable as property of the estate and not exempt. On August 23, 1995 the Bankruptcy Court granted the Trustee a partial summary judgment, finding that the Profit Sharing Plan was property of the estate. The court, however, reserved ruling on whether such Plan was exempt under Florida law.

The Trustee subsequently moved for a final summary judgment claiming that the Profit Sharing Plan was not exempt under Florida Statute § 222.21, since it was not

qualified pursuant to Internal Revenue Code § 401. Blais filed his own motion for summary judgment stating that the Bankruptcy Court lacked jurisdiction to make a determination as to the qualification of the Profit Sharing Plan. The Bankruptcy Court agreed with Blais and determined that it lacked the jurisdiction to make such a determination. The Trustee's motion for summary judgment was denied, while Blais' motion was granted, thereby exempting Blais' interest in the Profit Sharing Plan. The Bankruptcy Court ultimately overruled the Trustee's remaining objections, stating that the Trustee had not met her burden of proof on the tenancy by the entireties objection to exemption. After denying the Trustee's Motion for Reconsideration, this appeal ensued.

### Factual Background

The Debtor, who is the sole shareholder and director of Robert E. Blais, M.D., P.A. (the "P.A.") and has been its sole shareholder and director since its inception, filed a voluntary bankruptcy petition on June 29, 1993. In 1980, the P.A. adopted two retirement plans, the Profit Sharing Plan and the Robert E. Blais, M.D., P.A. Money Purchase Plan & Trust (the "Pension Plan"). Blais and the P.A. sought and obtained a favorable determination letter from the Internal Revenue Service in connection with the adoption of both the Pension and Profit Sharing Plan.

In March 1993, the P.A. transferred the remaining assets of the Pension Plan to the Profit Sharing Plan. At the time of the transfer, Blais was the sole remaining participant in the Pension Plan. The transfer was intended to qualify as a rollover. Blais and the P.A. did not seek, nor did they obtain, a determination by the Internal Revenue Service as to the qualified status of the Pension Plan in connection with its termination.

As of the petition date, the employees of the P.A. eligible to participate in the Profit Sharing Plan were Robert E. Blais, Barbara Blais (the Debtor's spouse), and Gwenn Anderson ("Anderson"). Anderson had been eligible to participate in the Profit Sharing Plan since 1984. It is undisputed that the account reflecting Anderson's interest in the Profit Sharing Plan continuously maintained a zero balance for the period 1984 through June 29, 1993, the petition date.

Shortly after the establishment of the two retirement plans, Blais borrowed a significant percentage of each of the Plan's total assets. Blais borrowed a total of $37,500 in 1981, from the Profit Sharing Plan. In the case of the Pension Plan, the total loans made in 1981 were $61,000. With respect to each of these Plans, the loans to Blais constituted over ninety-five percent of the Plans' total assets. Blais borrowed additional sums from each of the Plans during the period November 9, 1988 through January 11, 1991.

It is undisputed that the loans made by Blais during the period 1988 through 1991 violated a host of Internal Revenue Code, Pension and Profit Sharing Plan limitations, including, but not limited to the following:

a. Each of the loans made during this period from the Pension and Profit Sharing Plans exceeded limits placed upon such loans by the terms of such Plans;

b. Each of the loans made during this period from the Pension and Profit Sharing Plans exceeded limits upon such borrowing imposed by § 72(p) of the Internal Revenue Code of 1986 (26 U.S.C. § 1 et seq.).

c. Each of the loans made during this period from the Pension and Profit Sharing Plans constituted prohibited transactions as defined by § 4975 of the Internal Revenue Code of 1986.

d. Each of the loans made during this period from the Pension and Profit Sharing Plans exceeded limits placed upon such loans by regulations issued pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA" 29 U.S.C. § 1001 et seq,) set forth in 29 C.F.R. § 2550.408(b)–1 of such regulations.

In 1992, the year before the filing of his bankruptcy petition, Blais repaid a total of $123,000 to the two retirement plans.

### Standard of Review

■ Since both issues on appeal are conclusions of law, they are reviewed by the Court de novo. In re Chase & Sanborn

*Corp.,* 904 F.2d 588 (11th Cir.1990); *In re Sublett,* 895 F.2d 1381 (11th Cir.1990).

### Discussion

1. *Profit Sharing Plan*

■ Appellant argues that in order for the Profit Sharing Plan to be exempt under Florida Statute § 222.21, the plan must be "qualified" under Internal Revenue Code ("IRC") § 401(a). Qualification implies that the Profit Sharing Plan has been organized and operated as required by the IRC. Appellant asserts that the Bankruptcy Court erred in relying on the favorable IRS determination letters, since those letters dealt only with the form of the Plans. Appellant points to the stipulated facts which demonstrate that Blais' operation of the Plans violated IRC operational requirements.

The filing of a bankruptcy petition creates an estate which comprises all of the debtor's legal or equitable interest in property as of the petition date. 11 U.S.C. § 541(a)(1). The Bankruptcy Code excludes from the bankruptcy estate property of the debtor that is subject to a restriction on transfer that is enforceable under applicable nonbankruptcy law. 11 U.S.C. § 541(c)(2). In *Patterson v. Shumate,* 504 U.S. 753, 759, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992), the United States Supreme Court refused to limit the term "nonbankruptcy law" to state law, and determined that it applied to federal statutes such as ERISA. The Supreme Court concluded that anti-alienation provisions contained within ERISA-qualified plans satisfied the section 541(c)(2) requirement of a "restriction on the transfer" of a debtor's "beneficial interest" in the plan. *Id.* Therefore, if a retirement plan is ERISA-qualified, it will be excluded from the bankruptcy estate. In the case at hand, the Bankruptcy Court ruled that the Profit Sharing Plan was not ERISA-qualified and eventually concluded that such Plan was not excludable from the Debtor's bankruptcy estate.

Despite the Bankruptcy Court's determination that the Plan was included as part of the Debtor's estate, the Debtor attempted to exempt the Plan from the estate. 11 U.S.C. § 522. The Bankruptcy Code sets forth the federal exemptions to which a debtor is entitled. 11 U.S.C. § 522(d). A state may choose, however, to "opt out" of the federal exemption scheme. 11 U.S.C. § 522(b)(1). Florida is one of the states which has opted out of the federal exemption scheme. Fla. Stat. § 222.20.[1] The Debtor has relied upon the exemption provided by Florida Statutes § 222.21, in attempting to exempt the Profit Sharing Plan.

Florida Statute § 222.21 provides:

(2)(a) Except as provided in paragraph (b), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

Fla. Stat. § 222.21(2)(a). The issue faced by the Bankruptcy Court was whether the Profit Sharing Plan was "qualified" under Internal Revenue Code § 401(a)[2], so as to allow the exemption of the Plan under Florida law. The court relied upon a favorable determination letter from the I.R.S. in concluding that it should not make an independent inquiry into the qualification of the Profit Sharing Plan:

I am satisfied from a clear reading of Florida Statute Section 222.21 that it is up to the Internal Revenue Service to determine what constitutes a qualified pension plan for purposes of qualification under 222.21. Until the Internal Revenue Service decides that a plan is not qualified, I think that the plan is qualified. And this plan as it stands today is a qualified plan.... I think we have a plan that as it stood on the date of the filing of the petition and as it stands today is qualified.

---

1. Florida allows a debtor to claim, in addition to the available state exemptions, any property listed in 11 U.S.C. § 522(d)(10). Fla. Stat. § 222.201.

2. The parties stipulated at trial that IRC § 401(a) was the only section under which the Profit Sharing Plan could possibly be deemed exempt.

*Transcript of Hearing on Trustee's Motion for Summary Judgment,* dated January 17, 1995 (p.28). The Bankruptcy Court relied on *Youngblood v. F.D.I.C. (In re Youngblood),* 29 F.3d 225 (5th Cir.1994) in its decision not to look behind the favorable IRS determination letter. In *Youngblood,* the Debtor's corporation, YBI, created a pension plan for the benefit of its employees in 1977. *Id.* at 226. In 1978, the I.R.S. issued a favorable determination letter ruling that the plan was qualified under IRC § 401(a). *Id.* Another favorable determination letter was received in 1987 with respect to proposed amendments to the plan. *Id.* Prior to the plan's termination in 1987, the plan was audited by the I.R.S. *Id.* at 227. Although the I.R.S. levied some sanctions for loans in excess of vested interests and questioned some other transactions, the I.R.S. did not revoke the plan's qualified status. *Id.* When the Debtor filed bankruptcy, he attempted to exempt his interest in the plan, pursuant to a statute similar to Florida Statute § 222.21. A creditor objected to the exemption based upon improper transfers which, according to the creditor, would render the plan non-qualified. *Id.* The bankruptcy court looked behind the favorable determination letter and found facts sufficient to establish that the plan was no longer qualified under IRC § 401(a). The district court affirmed.

The Fifth Circuit Court of Appeals in *Youngblood* reversed the lower courts' decisions. *Id.* The *Youngblood* court looked to the intent of the Texas legislature in enacting the statute exempting qualified pension plans. *Id.* at 228. The court concluded that the Texas legislature could not have intended its courts to independently decide whether particular violations merit disqualification of the tax-exempt status of pension plans. *Id.* The *Youngblood* court added:

> We are persuaded that the legislature intended for its own state courts (or bankruptcy courts applying Texas law) to defer to the IRS in determining whether a retirement plan is "qualified" under the Internal Revenue Code. We see no reason that the legislature would want its courts,

which are inexperienced in federal tax matters, to second guess the IRS in such a complex, specialized area.

*Id.* at 229. While the policy reasons behind the Fifth Circuit's holding in *Youngblood* are understandable, they are not applicable here.

The facts of the case at hand are easily distinguishable from those of *Youngblood.* In *Youngblood,* there were several favorable I.R.S. determination letters, along with an I.R.S. audit of the plan. The audit was an investigation into the actual operation of the plan which occurred near the time of the plan's termination. The I.R.S. decided not to disqualify the plan in *Youngblood.* In the instant case, however, the Debtor was never audited. Therefore, unlike the situation in *Youngblood,* no facts exist to support the argument that the I.R.S. has exercised or has taken the opportunity to exercise any judgment with respect to the qualification of the operational aspects of the Profit Sharing Plan. The court below would not have been "second guessing" the IRS had it ruled on the qualification of the Profit Sharing Plan, but would have been making the initial inquiry into the operational aspects of such Plan.

The lack of an examination into the operational aspects of the Profit Sharing Plan is important in light of binding precedent on this Court which states that: "[i]n making this determination, the law looks not only to the form of the plan, but also to its operation." *Cornell–Young Co. v. United States,* 469 F.2d 1318 (5th Cir.1972).[3] It is clear that the I.R.S., in issuing its favorable determination letter, only considered the form of the Profit Sharing Plan, not the operation. The IRS determination letter states:

> The form of the plans identified above, and the related trust or custodial account are acceptable under sections 401(a), ... **This letter relates only to the acceptability of the form** of the plan under the Internal Revenue Code.
>
> ...
>
> The acceptability of the form of the plan is not a ruling or determination as to wheth-

---

**3.** Decisions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

er an employer's plan qualifies under Code section 401(a). However, an employer who adopts this plan will be considered to have a plan qualified under Code section 401(a) **provided all the terms of the plan are followed** and the eligibility requirements and contribution benefit provisions are not more favorable for highly compensated employees than for other employees.

*Exhibit "A" to Appellee's Answer Brief* (emphasis added). Clearly, the I.R.S. determination letter does not inquire into the operation of the Profit Sharing Plan and, in fact, limits its own applicability in that regard. Therefore, since the Bankruptcy Court below, did not consider evidence regarding operational aspects of the Profit Sharing Plan, and instead relied upon the favorable I.R.S. determination letter, the Bankruptcy Court committed reversible error.

This issue shall be remanded back to the Bankruptcy Court to determine whether, in light of the Debtor's operation of the Profit Sharing Plan, such Plan is qualified under Internal Revenue Code § 401(a). *See e.g., In re McDonald,* 100 B.R. 598 (Bankr.S.D.Fla. 1989) (holding that since favorable IRS determination letter does not express an opinion as to the plan's current operation, plan is not exempt). While this Court understands the lower court's reluctance to become immersed in federal tax issues, it is necessary to determine whether the debtor is entitled to exempt his interest in the Profit Sharing Plan.[4]

### 2. Burden of Proof Issue

■ With respect to the second issue on appeal, Appellant claims that the Bankruptcy Court erred in placing the burden of proof with respect to the tenancy by the entireties issue on the Trustee. In support of her argument, Appellant cites to several bankruptcy cases from the Southern District of Florida, in which the debtor was required to make a showing as to the applicability of the entireties exemption. Appellee cites to Rule 4003(c) of the Federal Rules of Bankruptcy Procedure for the proposition that the "objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr.P. 4003(c). Accordingly, Appellee states that the Bankruptcy Court was correct in placing the burden of proof on the Trustee, with respect to the tenancy by the entireties issue.

The exemption of property that is held by debtors as tenants by the entireties is provided for in section 522(b)(2)(B) of the Bankruptcy Code, which allows as exempt:

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B). In the case at hand, the applicable nonbankruptcy law which provides an appropriate exemption for Blais is the Florida common law tenancy by the entireties doctrine, as specifically delineated in *First National Bank of Leesburg v. Hector Supply Co.,* 254 So.2d 777 (Fla.1971).

In *Leesburg,* the Supreme Court of Florida examined and upheld the entireties doctrine of this state. The *Leesburg* court held that a viable tenancy by the entirety must possess always and at the same time, the five unities of possession, interest, title, time and marriage. *Id.* at 781. Additionally, the Supreme Court of Florida stated that with regard to personal property claimed to be held as a tenancy by the entireties, "the intention of the parties must be proven unless the instrument creating the tenancy bears an express designation that the tenancy is one held by the entireties." *Id.* It is clear, therefore that "[t]he rule announced by the majority [in *Leesburg* ] creates, in effect, a presumption against the creation of estates by the entire-

---

4. An interesting approach was taken in *In re Feldman,* 171 B.R. 731, 739 (Bankr.E.D.N.Y. 1994). The *Feldman* court, facing an issue similar to the one at bar, made a determination that the Plan before it was not exempt under New York law. The court noted, however, that the Debtor was in the process of awaiting IRS approval of the Plan. The court stated that it would be amenable to revisit the qualification issue, in light of and in deference to such IRS ruling. Therefore, the court issued a temporary stay of its order on such issue to allow the Debtor to return with the IRS determination letter, if favorable.

ties in personalty." *Id.* at 782 (Boyd, J., dissenting).

At first glance, there appears to be a conflict between Florida law and Rule 4003(c) of the Federal Rules of Bankruptcy Procedure. Despite the language in Rule 4003(c), most Florida courts appear to have placed the burden of proof with respect to the entireties issue on the Debtor. *See e.g., In re Allen,* 203 B.R. 786, 791 (Bankr.M.D.Fla.1996); *In re Richardson,* 151 B.R. 613, 616 (Bankr. S.D.Fla.1993); *In re Shaland,* 133 B.R. 166, 167 (Bankr.S.D.Fla.1991); and *In re Stanley,* 122 B.R. 599, 604 (Bankr.M.D.Fla.1990). Appellee argues that none of these cases are applicable because they are based upon *In re Marchini,* 45 B.R. 187, 188 (Bankr.S.D.Fla. 1984), which was decided prior to the adoption of Rule 4003(c).

The Court is not persuaded by either Appellant's or Appellee's arguments. Rule 9017 of the Federal Rules of Bankruptcy Procedure provides that the Federal Rules of Evidence apply in cases under the Bankruptcy Code. Rule 301 of the Federal Rules of Evidence provides in pertinent part "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof … which remains … upon the party on whom it was originally cast." Fed. R.Evid. 301. Moreover, Rule 302 of the Federal Rules of Evidence states that "the effect of a presumption respecting a fact which is an element of a claim … as to which State law supplies the rule of decision is determined in accordance with State law." Fed. R.Evid. 302.

As stated above, under Florida law there is a presumption against the creation of an estate by the entireties in personalty. Therefore, although the objecting party has the burden of proof with respect to whether or not the entireties exemption is properly claimed, the Debtor must initially rebut the presumption against the creation of an estate by the entireties in the personal property he

is seeking to exempt. *See In re Moneer,* 188 B.R. 25, 28 (Bankr.N.D.Ill.1995).

In the case at hand, the Debtor was seeking to exempt certain of his personalty as tenancies by the entireties under Florida law. At the hearing on the Trustee's objection to Debtor's entireties exemptions, the Bankruptcy Court erred in not requiring the Debtor to rebut the presumption against the creation of an estate by the entireties in personal property. The Debtor must establish an intent to own the personalty as entireties property sufficient to rebut the presumption against such a tenancy in personalty.[5] The February 9, 1995 Order Overruling Trustee's Objections to Exemptions is, therefore, Reversed and Remanded back to the Bankruptcy Court for proceedings consistent with this opinion.

Accordingly, it is

**ORDERED** and **ADJUDGED** that the Bankruptcy Court's *Order Granting Debtor's Motion for Summary Judgment and Denying Trustee's Motion for Summary Judgment,* entered on January 20, 1995, is **REVERSED** and **REMANDED** to the clerk of the Bankruptcy Court for further proceedings consistent with this Order. It is further

**ORDERED** and **ADJUDGED** that the Bankruptcy Court's *Order Overruling Trustee's Objections to Exemptions,* entered on February 9, 1995, is **REVERSED** and **REMANDED** to the clerk of the Bankruptcy Court for further proceedings consistent with this Order.

5. If the Debtor is successful in rebutting the presumption against the entireties in personalty, then Rule 4003(c) requires the Trustee to meet her burden of proof in objecting to the exemption.