United States Court of Appeals,

Fifth Circuit.

No. 93-1403.

In the Matter of William YOUNGBLOOD, Jr., dba Azle Oaks Joint Venture, dba Boty '79 Co., et al., Debtors,

William Lee YOUNGBLOOD, Jr., a/k/a and d/b/a Boty '79 Co. and Azle Oaks Joint Venture, and Nellma Jane Youngblood, a/k/a and d/b/a CSK & W.L. Youngblood and English Creek Estates, Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.

Aug. 23, 1994.

Appeals from the United States District Court for the Northern District of Texas.

Before GOLDBERG, DAVIS and DeMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Mr. and Mrs. Youngblood, the Chapter VII debtors in this case, claimed an individual retirement account ("IRA") as exempt property under § 42.0021 of the Texas Property Code. The bankruptcy court and the district court concluded that the IRA was not exempt because it accepted a rollover contribution from a pension plan which the bankruptcy court determined was not "qualified" under the Internal Revenue Code. We conclude that the courts below erred in not deferring to the determination of the Internal Revenue Service ("IRS") regarding the qualification of the pension plan. We therefore reverse and remand for further proceedings.

I.

William Lee Youngblood Jr. was the sole shareholder and president of Youngblood Builders, Inc. ("YBI"), a Texas corporation

1

engaged in constructing homes for resale.  In 1977, YBI created a defined-benefit pension trust for the benefit of its employees.

In December 1978, the IRS issued a favorable determination letter, ruling that the YBI Plan was "qualified" under § 401(a) of the Internal Revenue Code.  In June 1987, the IRS issued another favorable determination letter based on proposed amendments to the YBI Plan.  In December 1987, the plan was terminated and its assets distributed.  As a beneficiary of the plan, Mr. Youngblood arranged to have his distribution "rolled over" into an IRA.

Near the time of its termination, the YBI Plan was audited by the IRS, which assessed sanctions in the form of excise taxes based on two loans made by the plan to employees for amounts greater than their vested interests.  Although the IRS questioned other transactions, it assessed no additional penalties or taxes and did not revoke its earlier determination that the YBI Plan was "qualified" under the Internal Revenue Code.

On March 6, 1989, Mr. and Mrs. Youngblood filed a voluntary Chapter VII bankruptcy petition.[1]  In their bankruptcy schedules, the Youngbloods claimed the rollover IRA as exempt property under § 42.0021 of the Texas Property Code.  However, one of their creditors, NCNB Texas National Bank ("NCNB"), objected to the claimed exemption.  NCNB argued that the YBI Plan was not "qualified" under the Internal Revenue Code, and that when Mr. Youngblood's distribution from that plan were rolled over into the IRA, the funds in the IRA were not exempt.  In support of their

---

[1]Mr. Youngblood died on August 5, 1989.

2

objection, NCNB presented evidence that the YBI Plan had violated the "exclusive benefit" rule under § 401(a)(2) of the Internal Revenue Code.

Despite the IRS determination letters to the contrary, the bankruptcy court agreed with NCNB that the YBI Plan was not "qualified":

> The YBI Plan was not being used for the exclusive benefit of the employees or their beneficiaries. The YBI Plan was being used to: (1) provide working capital for YBI and other entities owned by Debtor William Youngblood; (2) act as a mortgage lending [arm] of [YBI] to assist in selling YBI homes; and (3) act as a purchase money lender to assist Debtor William Youngblood in selling some of his other property.

As a result, the bankruptcy court held that the proceeds of the YBI Plan that were rolled over into the IRA were not exempt property. The district court affirmed this decision.[2]

## II.

On appeal, Mrs. Youngblood does not challenge the bankruptcy court's factual finding that the YBI Plan violated the "exclusive benefit" rule. Rather, she argues that the bankruptcy court was precluded from finding that the YBI Plan was not "qualified" under the Internal Revenue Code because the IRS had already made a contrary determination. We review de novo the bankruptcy court's legal conclusion that it was not bound by the IRS determination. See *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir.1991).

Under the Bankruptcy Code, a debtor may claim as exempt any

---

[2]While the appeal was pending in the district court, the Federal Deposit Insurance Corporation ("FDIC") was substituted for NCNB as assignee of NCNB's claims.

property that is exempt under federal, state, or local law. 11 U.S.C. § 522(b). In this case, the Youngbloods claimed the IRA as exempt under § 42.0021 of the Texas Property Code. Subsection (a) of that provision states generally that funds held in a qualified retirement plan are exempt from seizure. Subsection (b) speaks directly to the exemption of funds held in an IRA:

> Contributions to an individual retirement account or annuity that exceed the amounts deductible under the applicable provisions of the Internal Revenue Code of 1986 and any accrued earnings on such contributions are not exempt under this section unless otherwise exempt by law. *Amounts qualifying as nontaxable rollover contributions under Section 402(a)(5), 403(a)(4), 403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986 are treated as exempt amounts under Subsection (a).* (emphasis added).

Because the funds at issue in this case were rolled over from a pension plan to an IRA, the proper section for determining the taxability of the rollover contribution is § 402(a)(5).[3]

At the time of the rollover in this case, § 402(a)(5)(A) provided that:

> If—
>
> > (i) any portion of the balance to the credit of an employee in a *qualified* trust is paid to him,
> >
> > (ii) the employee transfers any portion of the property he receives in such distribution to an eligible retirement plan, and

---

[3]The bankruptcy court and the district court both found that the IRA was not exempt because it did not qualify under § 408(d)(3) of the Internal Revenue Code. We do not believe that § 408(d) is relevant here because it relates to the tax treatment of "any amount paid or distributed out of an individual retirement plan." This case, however, involves a distribution out of a pension plan. In any event, the question under § 42.0021(b) remains the same: whether the rollover of the funds from the YBI Plan to the IRA was nontaxable. If it was, then the IRA should be considered exempt property.

> (iii) in the case of a distribution of property other than money, the amount so transferred consists of the property distributed,

> then such distribution (to the extent so transferred) shall not be includible in gross income for the taxable year in which paid.  (emphasis added).

Thus, under this section, a distribution from a pension plan is taxable as gross income unless it is rolled over into an eligible retirement plan, such as an IRA.  In addition, if the pension plan is not "qualified" under the Internal Revenue Code at the time of the distribution, the distribution is taxable.

Because § 42.0021(b) provides that "[a]mounts qualifying as nontaxable rollover contributions ... are treated as exempt amounts," the tax treatment of Mr. Youngblood's rollover from the YBI Plan to the IRA is the key to determining whether the IRA is exempt property in the present bankruptcy proceeding.  The answer to that question depends on whether the YBI Plan was "qualified" when Mr. Youngblood's distribution from that plan was rolled over into the IRA.  Mrs. Youngblood argues that because the IRS determined that the YBI Plan was qualified and did not tax Mr. Youngblood's distribution from the YBI Plan, the bankruptcy court should have deferred to that decision and granted the exemption. The FDIC, on the other hand, argues that the bankruptcy court has the authority to make its own determination as to whether the YBI Plan was qualified under the Internal Revenue Code.  Thus, the resolution of this case turns on whether the bankruptcy court is required to defer to the IRS determination regarding the qualification of the YBI Plan, or whether the bankruptcy court has

5

the authority to decide this question independently.  We believe that the answer to this question ultimately depends on the intent of the Texas legislature in enacting § 42.0021.

In analyzing the legislative intent, we first state the obvious:  Texas has no statutory or administrative rules relating to federal taxation.  As a practical matter, therefore, the legislature had to know that, in applying § 42.0021, its own state courts would be required to look to federal tax law to determine whether a plan was qualified under the Internal Revenue Code.  The IRS, which has been entrusted with the task of implementing the Internal Revenue Code, has adopted extensive rules and regulations governing income tax in general, and the taxability of pension plans in particular.  The IRS also has a wealth of experience in the practical application of the tax laws.  With particular relevance to this case, the IRS has adopted guidelines for distinguishing between violations of § 401(a) justifying monetary sanctions and violations calling for disqualification.[4]  The

---

[4]For example, the current version of the Internal Revenue Manual provides that certain operational violations of § 401(a) will not result in the disqualification of a plan.  For a violation to be considered nondisqualifying, the following criteria must be satisfied:  (1) "The operational violation must be an isolated insignificant instance."  (2) "The plan must have either (i) a history of compliance with section 401(a), both in form and operation, or (ii) if the plan does not have a history of compliance, the violation was corrected before examination, and there is no evidence of noncompliance in other areas."  (3) "The plan sponsor or plan administrator must have established practices and procedures to ensure compliance with section 401(a), including procedures involving the area in which the violation occurred."  (4) "Established procedures must have been followed, but through an oversight or mistake in applying those procedures, an operational violation occurred."  (5) "Where dollar amounts are involved, the amounts are insubstantial in

question in this case therefore narrows to whether the Texas legislature contemplated that its courts would independently decide whether particular violations were sufficiently serious to merit the ultimate sanction of disqualification especially when the IRS has made a contrary determination.

We answer this question in the negative.  We are persuaded that the legislature intended for its own state courts (or bankruptcy courts applying Texas law) to defer to the IRS in determining whether a retirement plan is "qualified" under the Internal Revenue Code.  We see no reason that the legislature would want its courts, which are inexperienced in federal tax matters, to second-guess the IRS in such a complex, specialized area.  We find it much more reasonable to assume that the legislature contemplated creating an exemption from seizure for a debtor's retirement funds that could be simply and readily determined by referring to the federal tax treatment of those funds.  Moreover, we do not believe that the legislature wanted to adopt a scheme that invites frequent, unseemly, conflicting decisions between the state court or bankruptcy court, and the IRS, such as occurred in this case.

### III.

For the reasons stated above, we conclude that the courts

_____

view of the total facts of the case."  (6) "The taxpayer must have made an immediate and complete correction to cure the violation once it was discovered so that no participant or beneficiary suffered substantial detriment."  Internal Revenue Manual § 7(10)54, subsection 660(3);  see generally Federal Tax Coordinator 2d ¶ T-10590 (1994) ("IRS has established programs ... designed to correct past defects, to ensure that plans are properly operated in the future, and to impose sanctions less severe than outright disqualification.").

below erred in not deferring to the IRS's determination that the YBI Plan was qualified and that the rollover distribution was nontaxable.

REVERSED and REMANDED.