350 So.2d 89 (1977)
In re the ESTATE OF Philip SIEGEL, Deceased.
No. 75-2277.
District Court of Appeal of Florida, Fourth District.
August 12, 1977.
Rehearing Denied October 19, 1977.
*90 Lawrence J. Meyer of Meyer, Leben, Fixel, Cantor & Engelberg, Hollywood, for appellant-Fay Siegel.
Richard A. Daar of Shapiro, Fried, Weil & Scheer, Miami Beach, for appellee-administrator ad litem.
PER CURIAM.
This is an appeal from a final judgment rendered in favor of petitioner wherein it was decreed that a purchase money mortgage taken in the name of Philip Siegel and Fay Siegel, his wife, created a tenancy in common, with each spouse owning a one-half undivided interest in said purchase money mortgage; that upon the death of Philip Siegel, his interest in the purchase money mortgage passed to his estate to be disposed of as directed by his Will.
The undisputed facts presented in the case at bar reflect that Philip Siegel owned a residence in his own name in the State of New York. At the time of the sale of said residence in New York, Philip Siegel and Fay Siegel, who were then husband and wife, resided in the State of New York at the time of the conveyance of said residence, and as a portion of the purchase price, a promissory note and purchase money mortgage was granted to Philip Siegel and Fay Siegel, his wife. Shortly after the closing of the transaction, Mr. and Mrs. Siegel moved from the State of New York to the State of Florida, where they thereafter resided and became domiciled. Philip Siegel, while a resident of the State of Florida executed his Last Will and Testament in which he bequeathed the mortgage on the New York property to his sons. Upon the death of Philip Siegel, Fay Siegel, his surviving spouse claimed sole ownership of the promissory note and mortgage by operation of Florida law, and did not list the note and mortgage as an asset of the Estate of Philip Siegel, deceased. After the filing of the petition by the Administrator ad Litem, and at various stages of the proceeding, including the final hearing thereof, Fay Siegel moved to dismiss the petition on the ground that the Court lacked jurisdiction of the subject matter. The Court below entered judgment in favor of the Administrator ad Litem, and this appeal was thereafter timely filed. The principal issue for consideration is whether the ownership of a promissory note and purchase money mortgage held in an estate by the entireties by husband and wife residing and domiciled in Florida at the time of husband's death is determined by the laws of the State of Florida, or by the law of the state in which said promissory note and purchase money mortgage were executed, and in which state the property money mortgage encumbers is situated.
At 16 Am.Jur.2d, Conflict of Laws, Section 29, it is stated:
"The dominion of a state over personal property within its borders is complete, and its right to regulate the transfer of *91 such property and subject it to process and execution in its own way and by its own laws is unquestioned; .. .
"By ancient legal fiction generally recognized by comity, personal property was supposed to adhere to the person of the owner and was usually considered as having no situs other than his domicil. As it was expressed in the Roman law, `mobilia sequuntur personam.' By force of this fiction personal property, no matter how ponderous or unwieldy, in legal contemplation changed location with every change of the owner's domicil. The principle was well established that for most purposes personal property should be governed, no matter where situated, by the law of the domicile of the owner; and this law, of course, might change with each change of his domicil. "The maxim `mobilia sequuntur personam' grew up in the Middle Ages when movable property consisted chiefly of gold and jewels easily secreted in spots known to him alone, and the rule has in modern times, because of the great increase in the amount and variety of personal property not immediately connected with the owner's person, yielded more and more to the lex rei sitae, the law of the place where the personal property is generally or ordinarily that of the domicil of the owner, and the rule, broadly speaking, with respect to intangible personal property is that the situs follows the owner or is at his domicile."
The State of New York, however, does not recognize estates by the entireties in personal property.
Involved herein is a conflict of the laws of the State of Florida and the State of New York, and in order to obtain the proper result, it is necessary to properly apply the applicable conflict of law rules.
The conflict of laws question to be determined is whether the promissory note and mortgage in issue is to be regarded as a "movable", constituting personal property, following the owner to and governed by the state of his domicile; or as an "immovable", governed by the laws of the state in which the property encumbered thereby is situated.
It would appear that the only circumstances under which the promissory note and mortgage could pass under the laws of the State of New York would be where the statutes or decision of that state considers such interest in creating an estate in land, and in such a situation, the note and mortgage would obviously be deemed realty and not personalty.
While it is obvious that the only relationship between the note and mortgage and the State of Florida is the fact that the holder died domiciled in this state, and that any litigation concerning construction of these interests would be pursuant to New York law, it is the opinion of this Court that the property is a "movable" and would pass under the law of the State of Florida.
For the reasons stated above, the Court Order of the Circuit Court is hereby reversed, and the cause remanded for further proceedings not inconsistent herewith, and is so ordered.
ALDERMAN, C.J., MAGER, J., and STOKES, ROBERT G., Associate Judge, concur.