**In re Kenneth R. SPATOLA, Debtor.**

**Bankruptcy No. 86–00782–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

July 16, 1986.

Gary J. Rotella, Rotella & Boone, P.A., Ft. Lauderdale, Fla., for debtor.

Daniel L. Bakst, West Palm Beach, Fla., trustee.

Howard Raab, Ft. Lauderdale, Fla., for creditor Eastern of N.J.

Robert J. Schaffer, Miami, Fla., for Midlantic Nat. Bank.

## ORDER ON EXEMPTIONS

THOMAS C. BRITTON, Chief Judge.

Two judgment creditors have objected (C.P. Nos. 8 and 11) to the debtor's exemption claims (C.P. No. 7) on two items of personal property. The objections were heard on July 8. The objections are sustained and the exemptions are disallowed.

The property in question is (1) a New Jersey purchase money mortgage dated April 9, 1981 to the debtor and his present wife, Micheline, and (2) 100 shares of stock in a Florida corporation issued September 15, 1981 to the debtor. Both items are claimed as exempt under 11 U.S.C. § 522(b)(2)(B), which exempts from property of the bankruptcy estate:

> Any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

It is clear from the foregoing provision (and both parties agree) that nonbankruptcy law is controlling as to the validity of these two claimed exemptions.

### The New Jersey Mortgage

The New Jersey purchase money mortgage in the principal amount of $60,000 is payable monthly in the amount of $579 until April 1, 2001. The grantees are:

> Kenneth R. Spatola and Micheline Spatola, his wife.

A New Jersey statute in effect when this mortgage was executed and delivered in that State provided that:

> When any mortgage, covering real estate or chattels or both, shall hereafter be made and executed to, or assigned to, any husband and wife, such mortgage shall be held by such husband and wife as joint tenants and not as tenants in common, both as to the legal estate and the beneficial interest or debt thereby secured, unless otherwise therein provided. New Jersey Statutes Annotated, § 46:2D–1.

New Jersey did not recognize any estate by the entirety in personal property, including a mortgage on real property. *Fort Lee Savings & Loan Association v. LiButti,* 55 N.J. 532, 264 A.2d 33 (1970).

■ The mere fact that property is owned by joint tenants, only one of whom is in bankruptcy, does not exempt the property from the claims of creditors in either New Jersey or Florida. The debtor's interest in the property may be partitioned in this court under § 363(h).

■ The debtor does not claim an exemption for the mortgage as a joint tenant. He claims the property is exempt as an estate by the entirety. I disagree. At its inception, as we have seen, this mortgage could not and did not create or constitute an estate by the entirety. No other instrument exists by which it could be said that an estate by the entirety was created.

■ The Florida law with respect to the establishment of an estate by the entirety in personal property was analyzed in *In re Marchini,* 45 B.R. 187 (Bankr.S.D.Fla.1984) and that analysis is adopted by this reference. As was noted there, I am bound by the holding in *Doing v. Riley,* 176 F.2d 449, 454 (5th Cir.1949) where the court said that:

> There must also be an intent to create an estate by the entireties, and such intent ought to be made clearly to appear.

■ The debtor's present self-serving testimony that an estate by the entirety was intended is outweighed by the mortgage itself and by the fact that the mortgage was received in payment for a house owned and titled in the debtor alone. Though he and Micheline lived there 12 years, the home never became an estate by the entirety although New Jersey recognized estates by the entirety in real property throughout that period.

I find that no estate by the entirety was ever created in the New Jersey mortgage and the property is not exempt.

Micheline's interest as joint tenant in the mortgage is not property of this estate.

Though she was a witness in this hearing, she was not a party. Therefore the partition of this property must await an appropriate motion, notice and hearing.

### The Florida Stock

Five months after the debtor sold his New Jersey home and received the mortgage discussed above, the debtor used $48,000 of the cash proceeds from the sale of the house to purchase all the corporate stock of Sunrise Art Gallery, Inc., a Florida corporation. The total purchase price was $122,000 and the balance of the price was paid by the delivery of two promissory notes executed by the debtor to the former owner. One of these notes was secured by a pledge of the 100 shares of stock he received, the other by a pledge of the New Jersey mortgage. Both notes have since been paid. This transaction occurred in Florida.

At the closing of the stock purchase, two alternative share certificates were prepared for the issuance of 50 shares to the debtor's present wife Micheline and the remaining 50 shares to the debtor. This alternative disposition of the stock was never executed. Instead, the single certificate to the debtor alone was executed and the title to the stock remains solely in his name.

The debtor's sole occupation is the management of the art gallery. The only evidence that the debtor intended to create an estate by the entirety in this stock is, once again, the debtor's present self-serving testimony that he intended five years ago to do so. The documentary evidence not only fails to support that testimony, it affirmatively suggests that he considered sharing the ownership and control of the corporation with Micheline and rejected that alternative. He could have, of course, arranged for the stock certificate to be issued to him and Micheline, his wife, as tenants by the entirety. He never did so.

I find that no estate by the entirety was ever created nor exists now in the 100 shares of the Florida corporation and that property is not exempt.