JORGENSON, Judge.
Donald and Ronda Lawson appeal from a final judgment in which the trial court granted a motion for a directed verdict in favor of Jeffrey Latham. For the following reasons, we reverse and remand for a new trial on the issue of damages.
The Lawsons sued seven individual and corporate defendants on various causes of action, including fraud, conspiracy, and breach of contract. After protracted discovery violations by defendants, the trial court struck defendants’ pleadings and entered a default against defendants on all claims asserted by the Lawsons. Jeffrey Latham, one of the defendants, appealed the order of default. This court affirmed. Latham v. Lawson, 526 So.2d 744 (Fla. 3d DCA 1988). At the close of the jury trial on the issue of damages,[1] the trial court granted defendant Latham’s motion for a directed verdict on the grounds that the Lawsons had made no showing that La-tham’s conduct was knowing, willful, or wanton. The trial court later clarified its ruling, stating that the Lawsons were entitled to neither compensatory nor punitive damages from Lawson on their fraud claim.[2]
The trial court erred in directing a verdict for Latham. This court’s affirmance of the order of default established La-tham’s liability on all claims asserted by the Lawsons. See American Fidelity Fire Ins. Co. v. Woody’s Electric Serv., Inc., 407 So.2d 947 (Fla. 3d DCA 1982) (default *1217 entered as sanction for refusal to comply with discovery requests established liability, including element of causation). “[Qjuestions of law which have been decided by the highest appellate court become the law of the case which, except in extraordinary circumstances, must be followed in subsequent proceedings, both in the lower and the appellate courts.” Brunner Enter., Inc., v. Dept. of Revenue, 452 So.2d 550, 552 (Fla.1984).[3] Latham’s liability for fraud had been established; the trial court was not free to revisit the issue. All that the Lawsons had to prove at trial was the amount of damages to which they were entitled. The quantum of damages that the Lawsons could recover for La-tham’s fraud was a question for the jury.[4] The trial court committed reversible error by removing that question from the jury’s consideration.
Accordingly, we reverse and remand for a new trial on damages as to defendant Latham.
Reversed and remanded.

. Only the claims for fraud and conspiracy were tried; the remaining claims involved liquidated damages.

. Plaintiffs objected to entry of a directed verdict in favor of Latham and unsuccessfully moved for a new trial on the ground that the *1217 order of default established Latham’s liability for fraud.

. Per curiam affirmances, like the one entered in Latham’s appeal of the order of default, become the law of the case. State Comm'n on Ethics v. Sullivan, 430 So.2d 928 (Fla. 1st DCA), rev. denied, 436 So.2d 101 (Fla.1983).

. The Lawsons were entitled to have the jury determine their entitlement to both compensatory and punitive damages. ”[P]roof of fraud sufficient to support compensatory damages necessarily is sufficient to create a jury question regarding punitive damages." First Interstate Dev. Co. v. Ablanedo, 511 So.2d 536, 539 (Fla. 1987).