**In re Werner KOESLING, Debtor.**

**Bankruptcy No. 96–04514.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

June 24, 1997.

488

Thomas Reed, Pensacola, FL, for debtor.

John E. Venn, Jr., Pensacola, FL, Chapter 7 Trustee.

### MEMORANDUM OF OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was heard before the Court on the objection of the Chapter 7 trustee to two promissory, notes claimed as exempt by the debtor. The debtor claims that both promissory notes are held in tenancy by the entireties and should be exempt under 11 U.S.C. § 522(b)(2)(B) (1996). The trustee argues that both notes should be treated as property held in joint tenancy and should not be exempt from the debtor's estate. Property held by the entireties is exempt from the debtor's estate only to the extent of no joint creditors. *In re Boyd,* 121 B.R. 622, 624 (Bankr.N.D.Fla.1989). The Court having considered the affidavits submitted by the debtor, argument of counsel, and pleadings and related documents submitted in the cause, overrules the trustee's objection to both promissory notes.

### Findings of Fact

Werner Koesling (the debtor) voluntarily filed for protection under Chapter 7 of the Bankruptcy Code. The debtor listed as exempt property two promissory notes which he and his wife purportedly hold as tenants by the entireties. Both promissory notes were secured by purchase money mortgages on property located in Wisconsin, which was owned by both the debtor and his wife. The first promissory note in the principal amount of $65,000 was executed by the purchaser when the debtor was residing in Illinois. The second promissory note in the principal amount of $37,000 was executed while the debtor was residing in Florida. The debtor and his wife are the grantees of both promissory notes. The parties have stipulated that there are no joint creditors of the debtor and his wife. The trustee filed an objection to the debtor's exemption claim for both promissory notes. Elizabeth Koesling was later joined as an interested party in this matter. Affidavits were submitted by both the debtor and his wife stating that the promissory notes belonged to them together, and not in part to each separately.

## Conclusions of Law

In order for the notes to be held in an estate by the entirety, and not in joint tenancy or tenancy in common, five elements must be present. The five elements are: possession, interest, title, time, and the unity of marriage. Tenancy by the entireties is based on the common law idea that a husband and wife are one. *Bailey v. Smith,* 89 Fla. 303, 103 So. 833 (Fla.1925). Property held in tenancy by the entireties is believed to be taken as *per tout et non per my,* rather then each spouse having his or her own share. *First Nat'l Bank of Leesburg v. Hector Supply Co.,* 254 So.2d 777, 780 (Fla.1971). Florida recognizes that tenancy by the entireties can exist in both real and personal property. *Bailey,* 89 Fla. 303, 103 So. 833. However, to have tenancy by the entireties in personal property, the parties must intend to create that form of property ownership. *First Nat'l Bank of Leesburg,* 254 So.2d at 781. Personal property will be treated as held in joint tenancy if intent to hold the property in tenancy by the entirety is not proven. *Id.* the instrument states that the property is to be held in the entirety, then intent does not have to be shown. *Id.*

Once property is held in tenancy by the entirety, the only way the tenancy can be terminated is if both spouses convey the property, one spouse dies, one spouse conveys the property to the other spouse or they divorce. No interest in the entireties property can be conveyed to a third party without the other spouse's assent. This is very restrictive compared to joint tenancy in which an owner can voluntarily terminate the joint tenancy by partition or conveyance of his interest.

In bankruptcy, the form of ownership of the two notes is determinative in whether the property is exempt from the estate. If the notes are determined to be held by the entireties, then the debtor's ownership interest in the notes is exempt. 11 U.S.C. § 522(b)(2)(B) (1996). Property held by the entireties is protected from the claims of creditors under Florida law unless there are joint creditors of the debtor and the non-debtor spouse. *Boyd,* 121 B.R. at 624. If the property is determined to be held in joint tenancy, then the debtor's interest in the notes is property of the estate. 11 U.S.C. § 363(h). By bringing the debtor's interest in the promissory notes into the estate, the trustee can then sell that interest.

The issue here is which state's laws should be used when classifying the debtor's interest in the two promissory notes. The trustee argues that the Court should follow Wisconsin or Illinois law and classify both notes as held in joint tenancy. The debtor argues that his interest in the notes should be determined under Florida law and that both notes are exempt from the estate since they are held by the entireties. Since the notes were obtained under different circumstances, each note will be addressed separately.

*First promissory note*

The trustee argues that the debtor's interest in the first promissory note should be treated as that of a joint tenant. The debtor was a resident of Illinois when the first note was executed. Neither Illinois nor Wisconsin (the location of the collateral securing the note) recognize tenancy by the entireties. Thus, the promissory note can not be held in tenancy by the entirety since neither the state the debtor resided in nor the state where the note was executed recognize tenancy by the entireties. Just because the debtor later moved to a state which recognizes tenancy by the entireties, the treatment of his interest should not change solely due to a move across state lines.

The trustee relies on the case of *In re Spatola,* 65 B.R. 49 (Bankr.S.D.Fla.1986), to support his objection. In *Spatola,* the court held that a purchase money mortgage, in which the debtor and his wife were the grantees, executed while the debtor and his wife were residents of a state which did not recognize tenancy by the entirety, could not be exempt as property by the entireties just because the debtors were current residents of a state which does recognize tenancy by the entireties. *Id.* at 50. The court reasoned that the note is to be characterized under the law of the state in which it was executed. *Id.* Even if the form of the property ownership meets the requirements of a tenancy by the entireties, there must also be

an intent to create the tenancy by the entirety. *Id.*

In *Quintana v. Ordono*, 195 So.2d 577, 579 (Fla. 3d DCA 1967), *cert. discharged*, 202 So.2d 178 (Fla.1967), the court held that a prenuptial agreement (which determined the spouse's property interest in the other spouse's property) and corporate stock, which was purchased while the couple lived in Puerto Rico, should be governed by the laws of Puerto Rico. A promissory note and contract for additional monies acquired while the couple lived in Florida should be governed by Florida law. *Id.* at 580. Interest in personal property "moveables" acquired during marriage is determined by the law of the domicile of the parties at the time the property is acquired. *Id.* at 579.

The debtor argues that the promissory note is a "moveable" and that, under Florida law, as a Florida resident, his interest in the note is that of a tenant by the entireties. In *In re Estate of Siegel*, 350 So.2d 89, 91 (Fla. 4th DCA 1977), *cert. discharged*, 366 So.2d 425 (Fla.1978), the court held that a promissory note, executed in New York while the parties lived in New York, should be governed by the laws of Florida, even though the only connection between Florida and the promissory note was that the husband died while living in Florida. In coming to this conclusion, the court looked to ancient legal history in determining that the law governing the characterization of personal property changes when owners change domiciles. *Id.* at 91. By moving to Florida, Florida law governs when determining interests in personal property. *Id.* However, New York law applies if there are any questions regarding the construction of the note. *Id.* Although the court did not explain how it determined that the promissory note was held in an estate by the entireties, the undisputed facts of the case show that the requisite intent was present. The husband had taken a promissory note in both his and his wife's names even though the collateral was owned solely by him. *Id.* at 90.

The court in *In re Estate of Santos*, 648 So.2d 277, 281 (Fla. 4th DCA 1995), discusses the holding in *Siegel* in the context of what interest a spouse has in the other spouse's property. The court held that a tenancy by the entireties is created in Florida when a note and mortgage is titled under a husband and wife. *Id.* at 281. Following *Siegel*, the court then held that personal property follows the owner and is governed by the laws of the state in which the owner resides. *Id.*

Although the trustee has an appealing argument on why the first promissory note should not be exempt, I find the debtor's argument and supporting case law, providing that the laws of the debtor's domicile should govern personal property, to be more persuasive. The issue in *Quintana* and *Santos* is what, if any, interest a spouse had in the other spouse's property. *Quintana*, 195 So.2d at 579; *Santos*, 648 So.2d at 281. Both *Quintana* and *Santos* go to the creation of the interest rather then the nature of the interest. The issue in this case is the nature of the debtor's interest in the property, not whether the debtor has an interest in the property. Here, the promissory notes are owned by both spouses, whereas the properties in dispute in *Quintana* and *Santos* were in the husbands' names only.

Both *Siegel* and *Spatola* go to determining the nature of the owner's interest in property. *Siegel*, 350 So.2d at 90; *Spatola*, 65 B.R. at 50. Although the two cases are similar, they are distinct from each other in the area of intent. The court in *Siegel* found that the husband and wife had the intent to create a tenancy by the entireties. 350 So.2d at 90. The court in *Spatola* found that the required intent was not present. 65 B.R. at 50. In determining that a tenancy by the entireties did not exist, the court weighed the debtor's self-serving testimony against the facts of the case. *Spatola*, 65 B.R. at 50. Although the promissory note was taken in both the debtor's and wife's names, the debtor's actions did not prove to the court that the debtor had intended to create an estate by the entireties. *Id.* In this case, not only are there affidavits from the debtor and his wife stating that they intended to create a tenancy by the entireties, the evidence shows that the sold property and the promissory note were in both names.

With the exception that the collateral securing the purchase money mortgage was

titled solely to the husband in *Siegel*, the facts of this case are on point with the decision in *Siegel*. The District Court of Appeal held that the ownership interest in the promissory note is a moveable and should be governed by the laws of the owner's current residency. *Siegel*, 350 So.2d at 91. Being a current resident of Florida, a state which does recognize tenancy by the entireties, the promissory note was determined to be held by the entireties. *Id.* at 90. With the facts as similar as they are to *Siegel*, I find that the debtor's interest in the promissory note should be determined under Florida law.

Having determined that the debtor's ownership interest will be construed under Florida law, I must now decide if the requisite intent to create a tenancy by the entireties is present. Although Florida does not require intent to be proven with respect to real property, intent to create a tenancy by the entirety in personal property must be shown. *Doing v. Riley*, 176 F.2d 449, 454 (5th Cir.1949). If the required intent is present, the debtor's ownership interest in the first, promissory note is that of a tenant by the entireties. If intent is not present, then a tenancy by the entirety does not exist and the property is not exempt. When determining if intent is present, self-serving testimony is not enough. *Spatola*, 65 B.R. at 50. In this case, both the sold property and the promissory notes were held in the debtor's and wife's names. Barring any evidence to the contrary, the affidavits stating that the promissory notes belonged to the debtor and his wife together, and not in part to each separately, are acceptable. The actions of the debtor and his wife are consistent with the statements in the affidavits that they intended to create a tenancy by the entireties. Finding that intent is present, the debtor's interest in the first promissory note is that of a tenant by the entireties and is exempt from the claims of creditors.

*Second Promissory note*

The trustee claims that the debtor's interest in the second promissory note should be treated as that of a joint tenant since the proceeds from a previous sale should retain the same characteristics in the new property.

In making this argument, the trustee cites to the Restatement 2nd, Conflicts, section 258, comment g. However, a case used by the trustee in regards to the first note goes against this proposition. In *Spatola*, the debtor, while residing in Florida, purchased 100 shares of stock using proceeds from a note which had been executed while the debtor was residing in New Jersey. *Spatola*, 65 B.R. at 51. The court held that, had the requisite intent to create a tenancy by the entirety existed, the shares purchased in Florida could be held in tenancy by the entirety, even though the proceeds came from a different type of estate. *Id.* However, the required intent to create a tenancy by the entirety did not exist, and thus the property was not exempt. *Id.*

The trustee also argues that the determination of the debtor's ownership interest in the second promissory note should be determined under Wisconsin law due to a provision in the note stating that it is to be governed by the laws of Wisconsin. The debtor does not disagree that the provisions of the note should be construed under Wisconsin law. The issue here is not what law the provisions of the note should be construed under, but rather the nature of the debtor's interest in the promissory note.

The second promissory note was obtained while the debtor lived in Florida. The debtor claims that since Florida recognizes tenancy by the entirety, and he and his wife intended the promissory note to be held by the entirety, the property should be recognized as a tenancy by the entireties and exempt from the estate.

Being a Florida resident, the debtor's ownership interest in the second promissory note should be determined under Florida law. *Siegel*, 350 So.2d at 91. However, before the interest in a tenancy by the entireties is recognized, the issue of intent must once again be determined. *Doing*, 176 F.2d at 454. Since the note was in both names and the debtor and his wife stated that they intended to take the note by the entirety, an ownership form recognized in Florida, the second promissory note should be treated as

held by the entirety and exempt from the estate.

In summary, having determined that the debtor's interest in the notes should be construed under Florida law and that debtor and his wife intended to hold the promissory notes as tenants by the entireties, the debtor's interest in each note is exempt from the estate. The trustee's objections to the claimed exemptions for both promissory notes will, therefore, be overruled. A separate order shall be entered in accordance herewith.