DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DG SPORTS AGENCY, LLC,**
Appellant,

v.

**FIRST ROUND MANAGEMENT, LLC, THIAGO ALVES,** and **MALKI KAWA,**

Appellees.

No. 4D14-862

[August 26, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 10-31641 (02).

Vincent E. Schindeler of Vincent E. Schindeler, P.A., Fort Lauderdale, for appellant.

Darren A. Heitner of Heitner Legal, P.L.L.C., Bay Harbor Islands, for appellee First Round Management, LLC.

LEVINE, J.

We are asked to answer the following question: whether the trial court erred in entering a directed verdict in favor of appellee First Round Management, LLC, regarding liability, where the only issue before the trial court was damages, since a default had already been entered in this case. We find that the trial court erred by entering a directed verdict for appellee, since a default had already been entered against appellee. Appellant had a right to rely on the default entered against appellee, and the trial court should have made a factual determination of the amount of damages, if any, due to the liability already determined by the default. We, thus, reverse and remand.

In June 2008, appellant DG Sports Agency, LLC ("DG"), and Thiago Alves, a mixed martial artist who competes in Ultimate Fighting Championships, entered into an athlete representation agreement. Pursuant to that agreement, DG would "provide advisement, counseling and assistance for Athlete in negotiation, procurement and execution of

any marketing contract, endorsement agreement, personal appearance, speaking engagement, sponsorship contract, licensing agreement, charitable pursuit, memorabilia agreement, and public relation matter." DG would "retain 30% of the gross contract price of any marketing contract, endorsement agreement or sponsorship contract." DG would also receive "30% of any monies acquired by athlete on any Television commercial, advertising contract, modeling contract or any other services agent acquires for athlete." Finally, DG was "responsible for collecting all fees for contracts negotiated by Agent on behalf of Athlete and for payment of said fees to Athlete and his representatives."

The agreement would remain in effect for one year and could be terminated by the parties only in writing. Alves would be obligated to pay DG for any contract entered into during the one-year term of the contract. A contract would be deemed "entered into" if Alves entered into the contract during the term of the one-year contract and if "the essential terms of the contract were procured by the Agent." The agreement also required Alves to warrant and represent that he had "not signed a contract with another agent for the services that are the subject matter of this agreement." The agreement also required DG to warrant that it "is licensed properly and registered to carry out the obligations and perform the services set forth in this agreement."

In August 2010, DG filed a complaint alleging breach of contract against Alves and tortious interference against appellees First Round Management, LLC ("First Round"), and Malki Kawa, an agent for First Round. The complaint alleged that one month after Alves signed the agreement with DG, Alves then signed another representation agreement with First Round and its agent, Kawa. DG claimed that, as a result, it was not paid commissions owed to it.

A clerk's default was entered against First Round. First Round moved to set aside the default, but the trial court denied the motion. First Round attempted to file an answer and affirmative defenses, but it was stricken.

Before trial, the parties filed a joint stipulation in which they agreed that the following issues would be tried: "Liability of the Defendant, ALVES, for Breach of Contract, if any. Plaintiff's damages arising out of ALVES' Breach of Contract, if any. Plaintiff's damages arising out of Defendant's, FIRST ROUND'S, Tortious Interference with Plaintiff's advantageous business relationship with ALVES, if any." However, before trial, the claims against Alves were dismissed pursuant to a settlement with Alves. Thus, the only remaining issue to be considered was damages, if any, arising out of First Round's "Tortious Interference with [DG's]

2

advantageous business relationship" with Alves.

During the trial, it was undisputed that Alves never sent DG written notice terminating the athlete representation agreement. Rather, Alves only verbally terminated the agreement. DG elicited testimony from Alves about his various sponsorships and the fees paid by those sponsorships. According to Alves, Kawa negotiated these deals. DG's sole agent, David Gottesmann, testified that he negotiated a deal with Tap Out. Gottesmann admitted that he did not attempt to negotiate any more deals after Alves verbally terminated the agreement. Gottesmann is an attorney, but was not admitted to the Florida Bar until two years after the parties entered into the athlete representation agreement.

After DG rested, First Round moved for a directed verdict, which the trial court granted, determining the following:

> Okay. A couple of things the Court notes, we only have one contract here for which there is any evidence of a potential breach but that contract appears to have been breached by the Plaintiff. This contract which says clearly that the agent will be responsible for collecting all the fees negotiated. The agent did not do that, that is a breach of this agreement.

> Furthermore, another breach of the agreement, it said it can only be terminated in writing since it was never terminated he said I stopped working because I got an oral notice to quit working. That's not grounds to stop working. That again is the agent breaching the agreement.

> Let's talked [sic] about what this agreement may or may not be. It may be a talent agency contract in which case there's no testimony as to whether or not he was licensed as a talent agent. It may also be an agreement to provide legal services as the Court reads it counseling and assistance for the athlete and negotiation, procurement, execution of any marketing contract, sponsorship contract, licensing agreements, last time I looked it seemed like that's practicing law. By definition of the testimony here today when I went to law school you were not licensed as a member of the Florida Bar at the time this agreement was entered. That may or may not be practicing law without a license in the State of Florida. It would however be grounds to violate and this Court is not to recognize the agreement.

So first I find that it simply has not been shown that it was breached by the Defendants it was breached by the Plaintiff. And secondly the Court has a serious question as to whether or not it's a valid contract in the first place. Verdict for the defense.

Appellant appeals the trial court's granting of a directed verdict.

"A finding of fact by the trial court in a non-jury case will not be set aside on review unless there is no substantial evidence to sustain it, unless it is clearly against the weight of the evidence, or unless it was induced by an erroneous view of the law." *Holland v. Gross*, 89 So. 2d 255, 258 (Fla. 1956). Further, "[w]hen a default is entered, the defaulting party admits all well-pled factual allegations of the complaint" and is precluded "from contesting the existence of the plaintiff's claim and liability thereon." *Donohue v. Brightman*, 939 So. 2d 1162, 1164-65 (Fla. 4th DCA 2006) (citation omitted). "A default terminates the defending party's right to further defend, except to contest the amount of unliquidated damages." *Id.* at 1164. "[A] court must consider testimony or evidence 'to ascertain facts upon which to base a value judgment'" when the damages are unliquidated. *Bodygear Activewear, Inc. v. Counter Intelligence Servs.*, 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006) (citation omitted).

In the present case, First Round had previously defaulted during the proceedings. In fact, the trial court had denied First Round's motion to set aside the default and struck First Round's answer and affirmative defenses. Thus, DG could rely on the default as acting to preclude any contesting of its claim, and First Round was not entitled to contest DG's claim.

Based on the default and the parties' joint stipulation, the only issue remaining at trial was the question of damages, if any, due to First Round's tortious interference. However, rather than considering damages, the trial court ruled only on liability. Despite the default entered against First Round, the trial court found that DG breached the contract because DG's agent did not collect fees and stopped working after being told orally of his termination, despite the fact there was no written termination given. The trial court questioned the validity of the contract because, among several reasons, there was no evidence that DG's agent was a licensed talent agent, nor was he a member of the Florida Bar at the time of execution of the agreement. Thus, the trial court improperly considered and ruled on issues of liability, when liability had already been determined due to the default, and this same trial court had denied a motion to set aside the default.

4

*American Fidelity Fire Insurance Co. v. Woody's Electric Service, Inc.*, 407 So. 2d 947, 948 (Fla. 3d DCA 1981), is instructive. In *American Fidelity*, the plaintiff sought to recover damages from an electrical company due to a delay in a construction project allegedly caused by that electrical company. The trial court entered a default against the electrical company and subsequently conducted a non-jury trial. The trial court, as a result of the non-jury trial, found that the electrical company did not cause the delay in the construction project. The appellate court reversed the trial court, holding that the default established liability and that liability established that the electrical company breached the contract.

*Lawson v. Latham*, 564 So. 2d 1216 (Fla. 3d DCA 1990), is also instructive. In *Lawson,* although the trial court entered a default against a defendant, at trial it entered a directed verdict for the defendant. The Third District reversed, finding that the default established the defendant's liability, and all the plaintiffs had to prove at trial was the amount of damages to which they were entitled.

In the present case, the trial court erred in finding that First Round did not cause the breach of contract between DG and Alves. Like in *American Fidelity* and *Lawson*, the default established the liability of First Round and the fact that First Round caused the breach of contract.

In summary, we find the trial court erred and we reverse and remand for the trial court to make a factual determination of damages, if any, due to the liability already determined by default.

*Reversed and remanded.*

STEVENSON and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5