DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MEHMET TATLICI,** individually and as assignee of
**BEDRIYE TATLICI**, and as Administrator ad Litem of the
**ESTATE OF MEHMET SALIH TATLICI**,
Appellant/Cross-Appellee,

v.

**NURTEN TATLICI** and **UGUR TATLICI,**
Appellees/Cross-Appellants.

No. 4D2022-0615

[November 8, 2023]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Bradley G. Harper, Judge; L.T. Case No. 50-2009-CA-030873-XXXX-MB.

Robert J. Hauser of Sniffen & Spellman P.A., West Palm Beach, for appellant/cross-appellee.

Manuel Farach of Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A., West Palm Beach, for appellees/cross-appellants.

WARNER, J.

Appellant secured a default against appellees for liability on his complaint for conversion, fraudulent transfer, and contribution. Yet, prior to the start of the trial on damages, the court dismissed appellant's claim for contribution[1] and at the close of appellant's case, the trial court directed a verdict for appellees on appellant's claims for conversion. Appellant's fraudulent transfer claims were submitted to the jury, which returned a verdict for appellant.

Appellant appeals the dismissal of the contribution claim and the directed verdict on the conversion claims. Appellees cross-appeal the default judgment and the verdict on the fraudulent transfer. We reverse the directed verdict and the dismissal because appellant was entitled to rely on the default. We affirm as to the cross-appeal.

---

[1] This claim is based on Turkish law and more fully discussed in the opinion.

This case involves protracted litigation after the death of a wealthy Turkish businessman. The dispute on appeal is between the deceased's older son (from the deceased's marriage to his former wife) opposing the deceased's younger son (from the deceased's marriage to his widow) and the widow. Under Turkish law, the sons each had a vested share of the estate. The former wife, now deceased, had claimed that she had unpaid alimony and assets owed to her from the divorce with the deceased some thirty years past, which rights she had assigned to the older son for this litigation.

The older son (appellant) was appointed administrator ad litem of the deceased's estate in Florida to obtain money damages for the claimed conversion of assets by the younger son and the widow (appellees). Appellant, as his mother's assignee, also sought to recover on his mother's claims against appellees for the decedent's transfers of Florida properties to appellees after the former wife received the divorce judgment. Appellant originally filed suit in 2009.

After multiple amendments, the complaint consisted of separate counts against appellees for the fraudulent transfer of assets which they obtained after the former wife's divorce judgment; separate counts against appellees for conversion of assets taken from the decedent's estate; and a single count for "Tenkiz Davasi," a Turkish law cause of action for contributions which the decedent made to Florida properties held in the widow's name against the widow. Appellees answered without asserting any challenge to personal jurisdiction or the Florida forum.

After appellees violated several court orders and failed to comply with lesser sanctions, the trial court struck their pleadings and entered a default against them on liability. We reject appellees' cross-appeal of the default and conclude that the trial court did not abuse its discretion in entering the default as a sanction, as appellees willfully and contumaciously disregarded the trial court's multiple orders.

Based upon the default, the parties proceeded to trial on damages.[2] Prior to the trial's commencement, the court dismissed appellant's count for "Tenkiz Davasi," concluding that the Turkish law count did not state a civil cause of action under Florida law. Then, at trial, after appellant rested his damages case, appellees moved for a directed verdict on the remaining counts for conversion and fraudulent transfer. The court granted a

---

[2] By the time of trial, a different judge was presiding over the case than the judge who had entered the default.

directed verdict on the conversion counts, concluding that appellant's allegations and proof did not show that the estate owned the property in question. The court allowed the fraudulent transfer counts to be reached by the jury, which rendered a verdict for appellant and awarded $623,453.87 in damages. The court entered judgment, and appellant filed his appeal from the directed verdict on the conversion counts and from the dismissal on the "Tenkiz Davasi" contribution count. Appellees cross-appealed the default as already discussed and the fraudulent transfer verdict.

The standard for reviewing a trial court's ruling on a motion for directed verdict is de novo. *Meruelo v. Mark Andrew of Palm Beaches, Ltd.*, 12 So. 3d 247, 250 (Fla. 4th DCA 2009). Similarly, the standard of review on appeal from the grant of a motion to dismiss is de novo. *U.S. Project Mgmt., Inc. v. Parc Royale E. Dev., Inc.*, 861 So. 2d 74, 76 (Fla. 4th DCA 2003).

**Conversion**

The trial court entered a default as a sanction against appellees as to all counts alleged in appellant's complaint. The court also struck all of appellees' pleadings and entered a judgment on liability. "When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint. Likewise, a default terminates the defending party's right to further defend, except to contest the amount of unliquidated damages." *Kotlyar v. Metro. Cas. Ins. Co.*, 192 So. 3d 562, 565 (Fla. 4th DCA 2016) (emphasis omitted) (quoting *Phadael v. Deutsche Bank Tr. Co. Ams.*, 83 So. 3d 893, 895 (Fla. 4th DCA 2012)). "However, it is well established a default judgment for damages cannot be affirmed where the underlying complaint does not contain sufficient allegations to sustain the claim of damage." *Ellish v. Richard*, 622 So. 2d 1154, 1155 (Fla. 4th DCA 1993); *see also N. Am. Accident Ins. Co. v Moreland*, 53 So. 635, 637 (Fla. 1910) ("A judgment by default properly entered against parties sui juris operates as an admission by the defendants of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. . . . Whether the admitted allegations state a cause of action is for the court to determine.").

"Conversion is defined as 'an act of dominion wrongfully asserted over, and inconsistent with, another's possessory rights in personal property.'" *Joseph v. Chanin*, 940 So. 2d 483, 486 (Fla. 4th DCA 2006) (quoting *Goodwin v. Alexatos*, 584 So. 2d 1007, 1011 (Fla. 5th DCA 1991)). The cause of action accrues when the property's wrongful holder "refus[es] to surrender the possession of the subject personalty after demand for

possession by one entitled thereto." *Id.* at 487 (quoting *Murrell v. Trio Towing Serv., Inc.*, 294 So. 2d 331, 332 (Fla. 3d DCA 1974)).

Counts III and IV of appellant's complaint alleged causes of action for conversion against appellees. Specifically, the complaint alleged that pursuant to Turkish law, assets belonging to appellees were estate assets, thus establishing appellant's right to possession as the estate's administrator. The complaint alleged that appellees had wrongfully withdrawn funds from several bank accounts and a business that belonged to the estate, and further alleged that appellees had refused to return the funds when appellant, as administrator ad litem, demanded the funds. These allegations were sufficient to state a cause of action for conversion, and were admitted as fact due to the default. *Kotlyar*, 192 So. 3d at 565.[3]

This case is similar to *DG Sports Agency, LLC v. First Round Management, LLC*, 174 So. 3d 541 (Fla. 4th DCA 2015), where the plaintiff had secured a clerk's default on the defendant in a breach of contract case. *Id.* at 543. At the damages trial, the court directed a verdict on liability, finding that the plaintiff had breached the agreement first and questioning the contract's validity. *Id.* at 544. On appeal, this court reversed, concluding that the trial court improperly ruled on issues of liability which the default had foreclosed. *Id.* at 545.

Just as in *DG*, the default in this case foreclosed appellees' ability to defend themselves against appellant's conversion counts. Because appellant's pleading was sufficient to allege causes of action for conversion against appellees, the court erred in directing a verdict on those counts.

## Claim of Contribution under Turkish Law

In his capacity as the estate's administrator ad litem, appellant also made a claim against the widow for a money judgment based upon the Turkish law of "Tenkiz Davasi," which was a claim for contribution. According to the allegations of the complaint, under Articles 225 and 227 of the Turkish Civil Code, after one spouse dies, both spouses' shared property is liquidated with each spouse taking the value of his or her contributions to acquisition or improvements of the shared property. The complaint alleged that decedent had not been reimbursed for his contributions, which included specific businesses and properties in Florida. Earlier in the proceedings, the widow had moved to dismiss this

---

[3] Appellant also claimed that appellees converted some real property, but that claim was withdrawn at trial.

claim for lack of subject matter jurisdiction. The trial court denied the motion to dismiss, although it questioned whether Turkey was a more appropriate forum for a cause of action. However, appellees never moved to dismiss the complaint based on forum non conveniens.

The widow filed another motion to dismiss the claim before trial. She argued that the trial court did not have subject matter jurisdiction over a cause of action under Turkish property law. Appellant argued that the claim was properly brought here, because some of the property that was the subject of the claim was located in Florida.

The trial court dismissed the contribution claim, finding that Turkish Law did not create a Florida civil cause of action. We conclude this too was error.

Appellant filed suit as the administrator ad litem of the decedent's estate for the purpose of filing claims on the estate's behalf against the widow and second son. *See* § 733.308, Fla. Stat. (2012); Fla. Prob. R. 5.120(a). When a court appoints an administrator ad litem, "[t]he appointee becomes solely responsible to the estate for the administration of that portion of its affairs entrusted to him by the court, and thus supplants in that regard the authority of the personal representative, who continues to be responsible for the administration of all other aspects of the estate's business." *Woolf v. Reed*, 389 So. 2d 1026, 1028 (Fla. 3d DCA 1980). Thus, as administrator ad litem, appellant had authority to file suit to recover monies owed to the estate, which was what appellant sought in the contribution claim—to recover the decedent's contributions to certain Florida assets to which the estate was entitled under Turkish law. In essence, the claim is akin to a suit for an accounting of the monies the decedent paid for the purchase and upkeep of the properties.

That the contribution action is based upon the estate's substantive right to such relief under Turkish law does not preclude its enforcement in an action for a money judgment in Florida. The right to contribution from the widow for assets acquired in her name is governed by the law of parties' domicile when that right was acquired. *See Quintana v. Ordono*, 195 So. 2d 577, 579 (Fla. 3d DCA 1967) (one spouse's interests "in movables acquired by the other during the marriage are determined by the law of the domicile of the parties when the movables are acquired") (citation omitted), *cert. discharged*, 202 So. 2d 178 (Fla. 1967); *In re Estate of Nicole Santos*, 648 So. 2d 277, 281 (Fla. 4th DCA 1995) (same).

Here, the estate seeks money to compensate it for the decedent's contributions to property; it does not seek the property itself. In *In re*

*Siegel's Estate*, 350 So. 2d 89 (Fla. 4th DCA 1977), we held that a note and mortgage were movables, and the law of the decedent holder's domicile should apply to its disposition, because the note and mortgage did not create an estate in land. *Id.* at 91. Similarly here, the decedent's right of contribution in the widow's assets does not create an estate in land. Therefore, the assets are movables and, as such, are governed by the laws of Turkey, the domicile of both the decedent and his widow.

Thus, Turkish law applies to the claim for contribution. Application of Turkish law was admitted by the default, as was the estate's right to seek contribution for the decedent's payments in the acquisition and maintenance of the properties. Accordingly, the trial court erred in dismissing the claim.

### Conclusion

Because we conclude that the complaint stated a cause of action for conversion, the trial court erred in entering a directed verdict on liability for appellees when a default on liability had been entered. The court also erred in dismissing appellant's cause of action for contribution, as appellant was entitled to bring the action as an administrator ad litem seeking to recover monies due to the estate. For these claims, we reverse and remand for a new trial on damages. As to the issues on cross-appeal, we affirm.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

MAY and FORST, JJ., concur.

\*  \*  \*

**Not final until disposition of timely filed motion for rehearing.**

6